# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ——————————————————— ) | | |
| JUANITA SANCHEZ (ON BEHALF ) | | |
| OF MINOR CHILD DEBORA ) | | |
| RIVERA-SANCHEZ), et al., ) | | |
| ) | | |
| **Plaintiffs,** ) | | |
| ) | | |
| **v.** ) | **Civil Action No.  1:07-cv-01573-RMU** | |
| ) | | |
| ) | **ECF** | |
| UNITED STATES OF AMERICA, et al., ) | | |
| ) | | |
| **Defendants.** ) | | |
| ——————————————————— ) | | |

## DEFENDANTS' MOTION TO DISMISS FOR LACK OF VENUE

The Defendants hereby move to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.[1]  In support of this motion, the Defendants respectfully submit the attached Memorandum of Points and Authorities, Exhibits, and a Proposed Order.

Dated:  February 1, 2008                    Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General, Civil Division

C. FREDERICK BECKNER III
Deputy Assistant Attorney General, Civil Division

---

[1] Dismissal of the federal officers and agencies improperly named as defendants would be appropriate under Rules 12(b)(1) and 12(h)(3).

J. PATRICK GLYNN (D.C. Bar #219162)
Director, Torts Branch, Civil Division


    /s/   Adam Bain
ADAM BAIN (IN Bar #11134-49)
Senior Trial Counsel
MARGARET JANE MAHONEY
Trial Attorney (PA Bar # 24635)
United States Department of Justice
Torts Branch, Civil Division
1331 Pennsylvania Ave., N.W., Room 8016S
Washington, D.C. 20004
Tel:  (202) 616-4209 (Bain)
Fax:  (202) 616-4473
Adam.Bain@usdoj.gov

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____ )
)
**JUANITA SANCHEZ (ON BEHALF** )
**OF MINOR CHILD DEBORA** )
**RIVERA-SANCHEZ), et al.,** )
)
**Plaintiffs,** )
)
**v.** )    **Civil Action No.  1:07-cv-01573-RMU**
)
)
**UNITED STATES OF AMERICA, et al.,** )    **ECF**
)
**Defendants.** )
_____ )

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO DISMISS FOR LACK OF VENUE

## TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **i**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **ii**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

STATEMENT OF RELEVANT FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3**

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

    **I.**      **Standard Of Review On A Motion To Dismiss For Improper Venue** . . . . . . **4**

    **II.**     **The United States Is The Only Proper Defendant For This FTCA Action** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

    **III.**    **Venue Does Not Exist In The District Of Columbia For Plaintiffs' FTCA Action Because None Of The Plaintiffs Reside In The District Of Columbia And Because None Of The Acts Or Omissions Underlying Their Action Occurred In The District Of Columbia** . . . . . . . . **6**

    **IV.**    **This Court Should Exercise Its Discretion To Dismiss This Case Rather Than Transfer It To A Court With Proper Venue** . . . . . . . . . . . . . . **11**

    **V.**     **If This Court Were To Decide To Transfer The Case, The Court Should Transfer It To The District Of Puerto Rico** . . . . . . . . . . . . . . . . . . . . **17**

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **18**

# <u>TABLE OF AUTHORITIES</u>

<u>PAGE</u>

## <u>FEDERAL CASES</u>

*2215 Fifth St. Assocs. v. U-Haul Int'l, Inc.*,
 148 F. Supp. 2d 50 (D.D.C. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

\* *Abreu v. United States*,
 468 F.3d 20 (1st Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 14, 18

*Andrade v. Chojnacki*,
 934 F. Supp. 817 (S.D. Tex. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Bartel v. Fed. Aviation Admin.*,
 617 F. Supp. 190 (D.D.C. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 13

*Beattie v. United States*,
 756 F.2d 91 (D.C. Cir. 1984),
 *overruled on other grounds*, 507 U.S. 197 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Boggs v. United States*,
 987 F. Supp. 11 (D.D.C. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Brunette Machine Works v. Kockum Industries, Inc.*,
 406 U.S. 706 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Cameron v. Thornburg*,
 983 F.2d 253 (D.C. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Capital Bank Int'l Ltd. v. Citigroup, Inc.*,
 276 F. Supp. 2d 72 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Cont'l Ins. Co. v. M/V Orsula*,
 354 F.3d 603 (7th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 17

*Cote v. Wadel*,
 796 F.2d 981 (7th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Cox v. Sec'y of Labor*,
 739 F. Supp. 28 (D.D.C. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**PAGE**

*Dominguez v. Fed. Bureau of Prisons*,
    No. 05-2242, 2006 WL 1445041 (D.D.C. May 26, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Dorman v. Thornburg*,
    740 F. Supp. 875 (D.D.C. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Dubin v. United States*,
    380 F.2d 813 (5th Cir. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*El v. Belden*,
    360 F. Supp. 2d 90 (D.D.C. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Esogbue v. Dep't of Homeland Sec.*,
    No. 06-1895, 2007 U.S. Dist. LEXIS 65512 (D.D.C. Sept. 6, 2007) . . . . . . . . . . . . . . . 9

*Franz v. United States*,
    591 F. Supp. 374 (D.D.C. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Freeman v. Fallin*,
    254 F. Supp. 2D 52 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

* *Goldlawr, Inc. v. Heiman*,
    369 U.S. 463 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14, 16

*Hahn v. United States*,
    457 F. Supp. 2d 27 (D.D.C. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Huskey v. Quinlan*,
    785 F. Supp. 4 (D.D.C. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*In re Complaint of Mike's, Inc.*,
    317 F.3d 894 (8th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*James v. Booz-Allen, Hamilton, Inc.*,
    227 F. Supp. 2d 16 (D.D.C. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Kauffman v. Anglo-American School of Sofia*,
    28 F.3d 1223 (D.C. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**PAGE**

\* *Mikkilineni v. Commonwealth of Pennsylvania*,
    No. 02-1205, 2003 WL 21854754 (D.D.C. Aug. 5, 2003)
    *aff'd*, No. 03-5329 (D.C. Cir. Nov. 22, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Naartex Consulting Corp. v. Watt*,
    722 F.2d 779 (D.C. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 13

*Nichols v. G.D. Searle & Co.*,
    991 F.2d 1195 (4th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

\* *Pedzewick v. Foe*,
    963 F.Supp. 48 (D. Mass. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Prof'l Managers' Ass'n v. United States*,
    761 F.2d 740 (D.C. Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Quarles v. Gen. Inv. & Dev. Co.*,
    260 F. Supp. 2d 1 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Reuber v. United States*,
    750 F.2d 1039 (D.C. Cir. 1984)
    *overruled on other grounds by*, 28 F.3d 1223 (D.C. Cir. 1994) . . . . . . . . . . . . . . . 7, 8, 9

*Richards v. United States*,
    369 U.S. 1 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Sierra Club v. Flowers*,
    276 F. Supp. 2d 62 (D.D.C 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 18

*Simpson v. Fed. Bureau of Prisons*,
    496 F. Supp. 2d 187 (D.D.C. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 15

*Sinclair v. Kleindienst*,
    711 F.2d 291 (D.C. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Smith v. United States*,
    507 U.S. 197 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Sosa v. Alvarez-Machain*,
    542 U.S. 692 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**PAGE**

*Stern v. Fed. Bureau of Prisons*,
    515 F. Supp. 2d 153 (D.D.C. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Stern v. Fed. Bureau of Prisons*,
    No. 07-00564, 2007 WL 1555830 (D.D.C. March 22, 2007) . . . . . . . . . . . . . . . . . . . . 11

*Trout Unlimited v. Dep't of Agric.*,
    944 F. Supp. 13 (D.D.C. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Vanskiver v. Rosotti*,
    No. 00-2455, 2001 WL 361470 (D.D.C. Jan. 31, 2001) . . . . . . . . . . . . . . . . . . . . . . . . 13

*Zakiya v. United States*,
    267 F. Supp. 2d 47 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 9

**FEDERAL STATUTES**

28 U.S.C. § 1346(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 6, 7, 8

\* 28 U.S.C. § 1402(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6, 7 passim

28 U.S.C. § 1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 18

\* 28 U.S.C. § 1406(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 5, passim

28 U.S.C. § 2401(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

28 U.S.C. § 2671-2680 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 2680(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. § 2680(k) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

42 U.S.C. § 6901 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 12(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

**PAGE**

Fed. R. Civ. P. 12(h)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## **MISCELLANEOUS**

14D Charles A. Wright, Arthur R. Miller & Edward H. Cooper,
    *Federal Practice and Procedure* § 3814 (3d ed. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

14D Charles A. Wright, Arthur R. Miller & Edward H. Cooper,
    *Federal Practice and Procedure* § 3827 (3d ed. 2007) . . . . . . . . . . . . . . . . . . 5, 11, 12, 15

Senate Report, 1949 U.S. Code Cong. Serv. & Admin. News 1248. . . . . . . . . . . . . . . . . . . 12

**INTRODUCTION**

Pursuant to Fed. R. Civ. P. 12(b)(3), and 28 U.S.C. § 1406(a), the Defendants have

moved the Court to dismiss this case because venue is lacking in this district.[1/]

**STATEMENT OF RELEVANT FACTS**

Plaintiffs have brought this action pursuant to the Federal Tort Claims Act (FTCA), 28

U.S.C. §§ 1346(b), 2671-2680.  Compl. ¶ 1.  Consisting of 7,125 individuals and estates,

Plaintiffs have named as Defendants the United States, the United States Department of Defense,

the United States Department of Navy, Robert M. Gates, Secretary of Defense, and Donald C.

Winter, Secretary of Navy.  *Id.* ¶¶ 7143-7145.  Plaintiffs seek money damages for "widespread

injuries and permanent damage" allegedly caused by the United States Navy's operation of the

Atlantic Fleet Weapons Training Facility (AFWTF) on Vieques Island, Puerto Rico.  *Id.* ¶¶ 3-4.

Plaintiffs allege that the Defendants used the ATWTF as a firing range and weapons

testing site from World War II to 2003.  *Id.* ¶ 4.  Plaintiffs claim that use of the AFWTF resulted

in large volumes of toxic and hazardous waste and that the Defendants negligently failed safely

to store or dispose of the toxic waste.  *Id.* ¶ 8.  Plaintiffs contend that the Defendants violated

federal laws and regulations, which included operating an open burning/open detonation facility

at the ATWTF without a valid permit under the Resource Conservation and Recovery Act

(RCRA), 42 U.S.C. § 6901 *et seq.*  Compl. ¶¶ 9-13.

More specifically, Plaintiffs include the following allegations of negligence:

(1) the Defendants have occupied over two-thirds of the Island of Vieques and
"negligently engaged in training and support activities consisting of utilization of all

---

[1/] Dismissal of the federal officers and agencies improperly named as defendants would
be appropriate under Rules 12(b)(1) and 12(h)(3).  *See* footnote 3 *infra.*

manners of live fire delivery mechanisms," and, in the course of these activities, the Defendants "used highly toxic and known carcinogenic materials" (*id.* ¶ 7168);

(2) the Defendants have "conducted support services on the Island of Vieques" along with the live fire training operations and "negligently stored numerous known carcinogenic, hazardous and/or otherwise toxic substances" (*id.* ¶ 7169);

(3) the Defendants have "negligently, recklessly, and/or intentionally exposed the citizens of Vieques to a multitude of toxic substances" (*id.* ¶ 7173);

(4) the Defendants have "stored many toxic compounds on the Island of Vieques" and have "negligently maintained . . . storage facilities and/or [have] intentionally disposed of hazardous material in a manner that constitutes a danger to human life and well being" (*id.* ¶ 7184-7185); and

(5) the Defendants "have been negligent, grossly negligent, and/or reckless in [failing] to monitor the environmental impact of . . . training and storage facilities on the Island of Vieques" (*id.* ¶ 7193).

The first count of Plaintiffs' Complaint, labeled as "Negligence," is specifically alleged to arise "[u]nder Puerto Rican common law." Compl. at page 481. Additionally, incorporating their prior factual and negligence allegations, Plaintiffs allege seven other counts under Puerto Rico law: (1) wrongful death under Puerto Rican statutory and common law (*id.* ¶¶ 7197-7199); (2) survival under Puerto Rican statutory and common law (*id.* ¶¶ 7200-7202); (3) negligent infliction of emotional distress under Puerto Rican common law (*id.* ¶¶ 7203-7206); (4) trespass under Puerto Rican common law (*id.* ¶¶ 7207-7210); (5) nuisance under Puerto Rican common law (*id.* ¶¶ 7211-7213); (6) civil taking under the Constitution of the Commonwealth of Puerto Rico (*id.* ¶¶ 7214-7216); and (7) fear and fright under Puerto Rican common law (*id.* ¶¶ 7217-7224).

In 2004, two separate groups of plaintiffs brought similar FTCA actions against the United States in the United States District Court for the District of Puerto Rico. *See Abreu v.*

-2-

*United States*, 468 F.3d 20, 24 (1st Cir. 2006). Like Plaintiffs in the instant suit, the plaintiffs in the previous actions "alleged that the Navy's past military exercises and waste disposal activities at the AFWTF had exposed them to hazardous substances," and "sought damages for personal injury [and] emotional distress. . . ." *See id.* The district court consolidated the actions, and, in April 2005, concluded that there was no subject matter jurisdiction "because the Navy's allegedly harmful conduct was within the discretionary function exception" to the waiver of sovereign immunity in the FTCA, 28 U.S.C. § 2680(a).[2] 468 F.3d at 24. The plaintiffs appealed that ruling, and in November, 2006, the First Circuit Court of Appeals affirmed the district court and agreed that the FTCA's discretionary function exception deprived the federal court of subject matter jurisdiction. 468 F.3d at 25-33.

## SUMMARY OF ARGUMENT

As we show below, in an apparent effort to avoid unfavorable precedent in the First Circuit Court of Appeals and in the District of Puerto Rico, Plaintiffs filed this action in a court of improper venue on the eve of the expiration of the FTCA's six-month statute of limitations. Venue is improper in the District of Columbia under the applicable venue statute, 28 U.S.C. §1402(b), because none of the plaintiffs reside in the District of Columbia and because the allegedly negligent conduct did not occur in the district. The most appropriate remedy in a situation in which Plaintiffs have engaged in forum shopping of a case likely outside of any federal court's subject matter jurisdiction is to dismiss, rather than transfer, the case. If this

---

[2] The discretionary function exception states that the waiver of sovereign immunity of the FTCA shall not apply to "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

Court were to decide to transfer the case, it should transfer it to the District of Puerto Rico where over ninety percent of the plaintiffs reside and where the complained of acts and omissions occurred.

## ARGUMENT

### I.    Standard Of Review On A Motion To Dismiss For Improper Venue.

Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a plaintiff's complaint for improper venue in lieu of filing an answer. When a defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper, "[b]ecause it is the plaintiff's obligation to institute the action in a permissible forum." *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). In considering a motion to dismiss for improper venue, the Court must accept the plaintiff's well-pled factual allegations regarding venue as true, must "draw all reasonable inferences from those allegations in the plaintiff's favor, and must resolve any factual conflicts regarding venue for the plaintiff. *See Quarles v. Gen. Inv. & Dev. Co.*, 260 F. Supp. 2d 1, 8 (D.D.C. 2003), citing *James v. Booz-Allen, Hamilton, Inc.*, 227 F. Supp. 2d 16, 20 (D.D.C. 2002); *2215 Fifth St. Assocs. v. U-Haul Int'l, Inc.*, 148 F. Supp. 2d 50, 54 (D.D.C. 2001). If the Court finds that venue is improper, it must dismiss the action or, "if it be in the interest of justice," the Court may transfer the action "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision whether to dismiss the action or transfer it is committed to the "sound discretion" of the district court. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983).

### II.    The United States Is The Only Proper Defendant For This FTCA Action.

Plaintiffs have asserted their claims against the Defendants under the FTCA and have alleged that subject matter jurisdiction exists under that Act, 28 U.S.C. § 1346(b). *See* Compl. ¶¶

1, 2.  The United States is the only proper defendant for this FTCA action.  Plaintiffs have sued

the Department of Defense and the Department of Navy; Plaintiffs have also sued the Secretary

of Defense and the Secretary of the Navy in their "official" capacities as being "legally

responsible for all decisions" of their Departments.  *Id.* ¶¶ 7143-7145.  However, "the FTCA

directs that the exclusive remedy for tort claims is an action against the United States rather than

against the individuals or the particular government agencies."  *Cox v. Sec'y of Labor*, 739 F.

Supp. 28, 29 (D.D.C. 1990) (citing cases).  *See also Zakiya v. United States*, 267 F. Supp. 2d 47,

57 (D.D.C. 2003) (dismissing FTCA claims brought against the Attorney General and the United

States Attorney for the District of Columbia).  Accordingly, a court lacks subject matter

jurisdiction over tort claims brought against federal agencies or government officials for actions

in their official capacity.  *See Cox*, 739 F. Supp. at 29 (finding that court lacked subject matter

jurisdiction over claims against the Secretary of Labor in his official capacity); *Dorman v.

Thornburg*, 740 F. Supp. 875, 878-79 (D.D.C. 1990) (finding no waiver of sovereign immunity

for tort claims brought against federal agencies or federal employees in their official capacities).[3]

---

[3] The Court should dismiss the improperly named Defendants even if it were to decide to
transfer the case to Puerto Rico.  Although the Court might consider transferring the entire case,
it would not be in the interest of justice to do so under the transfer statute, 28 U.S.C. § 1406(a),
because it would prolong the exposure of the improperly named defendants.  *See Cameron v.
Thornburg*, 983 F.2d 253, 257-58 n.5 (D.C. Cir. 1993); *Zakiya*, 267 F. Supp. 2d at 57-58.  In
fact, because the claims against the improperly named Defendants are clearly outside of the
subject matter jurisdiction of any federal court, dismissal of these defendants is the only
appropriate remedy.  *See* 14D Charles A. Wright, Arthur R. Miller & Edward H. Cooper,
*Federal Practice and Procedure* § 3827, at 567 (3d ed. 2007) (stating that a district court may
not order transfer if it does not have subject matter jurisdiction unless transfer would cure the
jurisdictional defect).

**III.    Venue Does Not Exist In The District Of Columbia For Plaintiffs' FTCA Action Because None Of The Plaintiffs Reside In The District Of Columbia And Because None Of The Acts Or Omissions Underlying Their Action Occurred In The District Of Columbia.**

Plaintiffs filed their Complaint in a district which clearly lacks venue over their action because none of the plaintiffs reside in the District of Columbia and because the alleged negligent conduct did not occur here. With respect to venue for an FTCA action, 28 U.S.C. § 1402(b) provides: "Any civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." Citing this provision, Plaintiffs have alleged that venue is proper in the District of Columbia, Compl. ¶ 19, but Plaintiffs have failed to allege a factual basis for venue in this district.

Significantly, this Court has stated, "[i]n this circuit, courts must examine challenges to venue particularly carefully 'to guard against the danger that a plaintiff might manufacture venue in the District of Columbia.'" *Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 65 (D.D.C. 2003), quoting *Cameron v. Thornburg*, 983 F.2d 253, 256 (D.C. Cir. 1993). "Otherwise, '[b]y naming high government officials as defendants, a plaintiff could bring a suit [in the District of Columbia] that properly should be pursued elsewhere.'" *Sierra Club*, 276 F. Supp. 2d at 65, quoting *Cameron*, 983 F.3d at 256.

Here, none of the plaintiffs reside in the District of Columbia.[4/] Consequently, venue would only be proper in the District of Columbia if it were the judicial district "wherein the act

---

[4/] Our review of the Complaint shows that over six thousand and nine hundred of the plaintiffs reside in Puerto Rico. Compl. ¶¶ 20-7142. The rest of the plaintiffs are scattered among the Virgin Islands (102), Florida (32), New York (24), New Jersey (16), and eleven other states. *Id.*

or omission complained of occurred." Under many venue statutes, including 28 U.S.C. § 1402(b), venue may be proper in more than one district; however, under the second clause of the FTCA's venue statute "it has so far been held that the act or omission complained of can occur in only one district." 14D Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3814, at 365 (3d ed. 2007). *See Andrade v. Chojnacki*, 934 F. Supp. 817, 829 n.24 (S.D. Tex. 1996) (stating that the operative language in Section 1402(b) suggests that venue in FTCA actions premised on "wherein the act or omission complained of occurred" is "proper in only one district"). If venue is proper in only one district based upon where the act or omission complained of occurred, that district must be the District of Puerto Rico. Plaintiffs' Complaint alleges conduct only on the Island of Vieques in Puerto Rico. There are no allegations of any conduct occurring in the District of Columbia.

Additionally, Plaintiffs' invocation of the FTCA's choice-of-law rule shows that Puerto Rico is the place "wherein the act or omission complained of occurred." The FTCA's choice-of-law provision in Section 1346(b) contains a nearly identical phrase to Section 1402(b)'s venue provision; Section 1346(b) states that the United States shall be liable "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). This provision requires courts in FTCA actions to apply the law of the place "where the acts of negligence took place." *See Richards v. United States*, 369 U.S. 1, 9-10 (1962). In their Complaint, Plaintiffs affirmatively state that the law of Puerto Rico applies to each of the counts of their Complaint, *see* Compl. ¶¶ 7197-7224, in essence conceding that Puerto Rico is the place where the act or omission complained of occurred. It would be anomalous to interpret the FTCA's choice-of-law and venue provisions differently here when they both clearly point to Puerto Rico. *See Reuber v. United States*, 750 F.2d 1039, 1047 & nn. 9-10 (D.C. Cir. 1984), *overruled on other grounds by*

*Kauffman v. Anglo-American School of Sofia*, 28 F.3d 1223 (D.C. Cir. 1994) (finding interpretation of the FTCA's choice-of-law provision under Section 1346(b) relevant to the interpretation of the venue provision in Section 1402(b) while acknowledging that there may be different considerations underlying each issue).

In this district, courts have interpreted the language "wherein the act or omission complained of occurred" in Section 1402(b), as requiring "sufficient activities giving rise to the plaintiff's cause of action" taking place in the District of Columbia for venue to be proper. *Franz v. United States*, 591 F. Supp. 374, 378 (D.D.C. 1984). *See also Simpson v. Fed. Bureau of Prisons*, 496 F. Supp. 2d 187, 193 (D.D.C. 2007); *Hahn v. United States*, 457 F. Supp. 2d 27, 29 (D.D.C. 2006); *Zakiya*, 267 F. Supp. 2d at 58. Plaintiffs have failed to allege any activities taking place in the District of Columbia that would justify venue in this Court. Each of Plaintiffs' allegations of negligence is focused on acts or omissions that took place on the Island of Vieques in Puerto Rico. Plaintiffs allege: negligent training and support activities on the Island of Vieques (Compl. ¶ 7168); negligent storage and disposal of hazardous chemicals on the Island of Vieques (*id.* ¶¶ 8, 7169); negligent maintenance of storage facilities on the Island of Vieques (*id.* ¶¶ 7184-7185); and negligent monitoring of the environmental impact of training and storage facilities on the Island of Vieques (*id.* ¶ 7193). Clearly, the place "wherein the act or omission complained of occurred" is the Island of Vieques in the District of Puerto Rico.

Courts in this circuit have frequently found venue lacking for an FTCA action in the District of Columbia under 28 U.S.C. § 1402(b) when the plaintiff does not reside in the District of Columbia and the alleged negligent conduct giving rise to the plaintiff's cause of action did not occur in the district. For example, in *Reuber*, the District of Columbia Circuit Court of Appeals held that venue was improper in the District of Columbia because the plaintiff resided in

Maryland and there was no wrongful conduct in the District of Columbia that caused him injury. 750 F.2d at 1046-47.  The fact that effects from the allegedly tortious conduct may have occurred in the District of Columbia, through the dissemination of a letter there, was immaterial to the venue analysis.  *Id.  See also Hahn*, 457 F. Supp. 2d at 29 (holding that venue for an FTCA medical malpractice action was not proper in the District of Columbia where the plaintiff did not reside in the district and none of the acts or omissions underlying the complaint occurred in the district, notwithstanding the fact that the plaintiff was briefly treated at the Walter Reed Army Medical Center in the district); *Simpson*, 496 F. Supp. 2d at 193 (holding that venue for an FTCA action was not proper in the District of Columbia where the plaintiff was not a resident of the district and "no significant event related to [the] action" occurred in the district); *Zakiya*, 267 F. Supp. 2d at 58 (holding that venue for an FTCA action was not proper in the District of Columbia where the plaintiff was not a resident of the district and "[n]one of the events central to plaintiff's lawsuit occurred in [the] district").

Plaintiffs cannot establish venue in the District of Columbia based upon the location of the Department of Defense, the Department of Navy, or the Secretaries of those Departments. As mentioned above, those parties are not proper defendants for an FTCA action.  Moreover, the headquarters for these Departments are physically located in the Pentagon in Arlington, Virginia. Even the location of a Department's headquarters office in the District of Columbia does not establish venue in the District of Columbia.  *See Esogbue v. Dep't of Homeland Sec.*, No. 06-1895, 2007 U.S. Dist. LEXIS 65512, at *2 (D.D.C. Sept. 6, 2007) (finding, under Section 1402(b), that the presence of the Bureau of Immigration and Customs Enforcement headquarters in the District of Columbia did not establish venue there where the plaintiff did not reside in the District of Columbia and no event related to the action occurred in the district); *Bartel v. Fed.*

*Aviation Admin.*, 617 F. Supp. 190, 199 (D.D.C. 1985) (finding, under Section 1402(b), that

District of Columbia headquarters for the Federal Aviation Administration was "entirely

irrelevant" to the statutory test for venue and "obviously cannot constitute a basis for concluding

that venue is appropriate" in the District of Columbia).[5/]

      Even if Plaintiffs were to contend that they were challenging policies formulated in the

District of Columbia – though they have made no such allegations in their Complaint – that

would not be a basis for finding that venue was proper in this district.  In *Huskey v. Quinlan*, 785

F. Supp. 4, 7 (D.D.C. 1990), a court in this district held that a challenge to policies at a

headquarters office in the District of Columbia would not be determinative in deciding where

venue was appropriate under the venue transfer statute, 28 U.S.C. § 1404(a).  The court stated

---

[5/] In *Beattie v. United States*, 756 F.2d 91, 100 (D.C. Cir. 1984), *overruled on other grounds by Smith v. United States*, 507 U.S. 197 (1993), the District of Columbia Circuit Court of Appeals found that "headquarters claims," which specifically alleged negligence by officers of the United States occurring in Washington, D.C., could be a basis for venue in the District of Columbia for an FTCA action under 28 U.S.C. § 1402(b).  Here, Plaintiffs have failed to make any specific allegations of negligent conduct by United States employees in the District of Columbia.  Moreover, the facts in *Beattie* "are so unusual that the case can be readily distinguished." *Boggs v. United States*, 987 F. Supp. 11, 19 (D.D.C. 1997).  In *Beattie,* the Court of Appeals allowed an FTCA action to proceed in the District of Columbia, even though the tort occurred elsewhere and there were no District of Columbia resident plaintiffs.  987 F. Supp. at 19.  Because the plane crash, which was the basis of the suit, occurred in Antarctica, venue could not be established in the place where the acts complained of occurred.  *Id.*  Finding that venue was proper in the District of Columbia, the court noted, "'Congress does not in general intend to create venue gaps, which take away with one hand what Congress has given by way of jurisdictional ground with the other.'" *Beattie*, 756 F.2d at 104 (quoting *Brunette Machine Works v. Kockum Industries, Inc.*, 406 U.S. 706, 710 n.8 (1972)).  Subsequently, the Supreme Court, overruling *Beattie*, found that the FTCA did not waive the government's sovereign immunity for torts occurring in Antarctica.  *Smith*, 507 U.S. at 201-04.  *See also Sosa v. Alvarez-Machain*, 542 U.S. 692, 700-12 (2004) (finding that "headquarters claims" alleging negligent planning and direction in the United States would not defeat the FTCA's foreign country exception for a "claim arising in a foreign country," 28 U.S.C. § 2680(k), when the injury or harm occurred in a foreign country).  In any event, the present case does not present any "venue gap" that would justify allowing the suit to proceed in the District of Columbia.  Venue for this action clearly would exist in the District of Puerto Rico.

that when a plaintiff "principally takes issue with the conduct of individuals" and "the implementation of policy," venue properly lies where the implementation took place. *Id. See also Stern v. Fed. Bureau of Prisons*, No. 07-00564, 2007 WL 1555830, at *2 (D.D.C. March 22, 2007) (finding that because the implementation of a national Bureau of Prisons policy occurred at a federal prison in Jesup, Georgia, venue was appropriate in the Southern District of Georgia not in the District of Columbia); *Dominguez v. Fed. Bureau of Prisons*, No. 05-2242, 2006 WL 1445041, at *4 (D.D.C. May 26, 2006) (same holding transferring a case to the Eastern District of North Carolina). *Cf. Stern v. Fed. Bureau of Prisons*, 515 F. Supp. 2d 153, 156 (D.D.C. 2007) (finding that transfer was not appropriate where a prisoner was making a purely legal challenge to the Bureau of Prisons' authority to promulgate a regulation).

Here, under the plain language of the statute and all of the precedent in this circuit, venue was only proper where a plaintiff resided or where the act or omission complained of occurred. Accordingly, venue is not proper in the District of Columbia.

## IV.     This Court Should Exercise Its Discretion To Dismiss This Case Rather Than Transfer It To A Court With Proper Venue.

Here, because Plaintiffs, by filing the action in a district patently lacking venue, have engaged in forum shopping of a case likely outside of any federal court's subject matter jurisdiction, this Court should dismiss the case. The venue statute specifically provides for a remedy when venue is improper. It states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As originally enacted in 1948, this provision "provided flatly that the district court 'shall transfer' a case filed in an improper venue." *See* 14D Wright, Miller & Cooper,

-11-

*supra*, § 3827, at 565 (citing Act of May 24, 1949, c. 139, § 81, 63 Stat. 101).  However, in

1949, shortly after enactment, Congress changed Section 1406(a) to provide that where venue

was improper, the district court "shall dismiss" the case; the district court could only transfer the

case to a court with proper venue "if it be in the interest of justice."  *See* 14D Wright, Miller &

Cooper, *supra*, § 3827, at 565.  Congress revised the statute because it became clear that a

provision requiring transfer was unacceptable.  *See id.*  As a Senate Report on the amendment

explained:

> It is thought that this provision may be subject to abuse in that a plaintiff might
> deliberately bring a suit in the wrong division or district where he could get
> service on the defendant, and when the question of venue is raised the court is
> required to transfer the case to the court where it 'could have been brought.'
> However, in the meantime, service has been perfected on a defendant in the
> wrong venue, and it will carry over into the new (and proper) venue.  Rather than
> promote justice, it can be said that this section may be subject to abuse.

1949 U.S. Code Cong. Serv. & Admin. News 1248, 1253.  As the Supreme Court explained, the

purpose of allowing transfer in some circumstances, rather than dismissal, was to avoid "the

injustice which had often resulted to plaintiffs from dismissal of their actions ***merely because***

***they had made an erroneous guess*** with regard to the existence of ***some elusive fact of the kind***

***upon which venue provisions often turn***."  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962)

(emphasis added).

Although transfer, rather than dismissal, is a common resolution of cases of improper

venue,[6] courts in this district, including this Court, have properly exercised their discretion to

dismiss rather than transfer cases in situations showing that the plaintiffs had not simply made a

---

[6] As a general matter, courts favor the transfer of a case for improper venue over
dismissal.  *See El v. Belden*, 360 F. Supp. 2d 90, 93 (D.D.C. 2004); *Capital Bank Int'l Ltd. v.
Citigroup, Inc.*, 276 F. Supp. 2d 72, 78 (D.D.C. 2003).

good faith error regarding venue.  In *Mikkilineni v. Commonwealth of Pennsylvania*, No. 02-1205, 2003 WL 21854754, at *8 (D.D.C. Aug. 5, 2003) (Urbina, J.), *aff'd*, No. 03-5329 (D.C. Cir. Nov. 22, 2004) (per curiam) (copy attached as U.S. Exh. 1), this Court exercised its discretion to dismiss a case under Section 1406(a) where it appeared that the plaintiff's choice of forum was motivated by forum shopping.  The Court noted that the plaintiff did not seek to have his case transferred to a district court with proper venue in Pennsylvania and filed his case in the District of Columbia "hoping to find a more sympathetic judge."  *Id.*  Accordingly, the Court found that transferring the case to Pennsylvania would not be in the interest of justice.  *Id.  See also Vanskiver v. Rosotti*, No. 00-2455, 2001 WL 361470, at *2 n.1 (D.D.C. Jan. 31, 2001) (dismissing a case for improper venue and noting that the reason the plaintiffs filed in the District of Columbia rather than in the District of Kansas, where venue was proper, may have been that the District of Kansas had enjoined the plaintiffs from filing any suit against the United States in that district without leave of the court).  *See generally Prof'l Managers' Ass'n v. United States,* 761 F.2d 740, 744 & n.2 (D.C. Cir. 1985) (discussing Congress' disdain for forum shopping).

    It is also a proper exercise of discretion to dismiss a case, rather than transfer it to another court, when there is a substantial question regarding the substantive merits of a claim.  In *Naartex Consulting Corp.*, 722 F.2d at 789, the District of Columbia Circuit Court of Appeals held that a district court did not abuse its discretion by dismissing an action where there were substantive problems with the plaintiff's claims such that the plaintiff could not show that those claims could properly be heard in any federal court.  *See also Bartel*, 617 F. Supp. at 199 (finding that dismissal was an appropriate remedy rather than transfer where there was a significant question regarding whether the plaintiff stated a valid FTCA claim).

-13-

The circumstances of this case show that Plaintiffs have not made a simple error or erroneous guess about venue, *see Goldlawr*, 369 U.S. at 466; instead, the circumstances show that Plaintiffs have purposefully filed this action in a court of improper venue in an apparent attempt to avoid extremely unfavorable precedent in the most appropriate venue, Puerto Rico. Through the allegations of their Complaint, Plaintiffs concede that the law of Puerto Rico would apply to this case.  Yet, while Plaintiffs embrace the common and statutory law of Puerto Rico, they are apparently seeking to escape precedential interpretations of the FTCA by the District Court of Puerto Rico and the First Circuit Court of Appeals.

In *Abreu v. United States*, 468 F.3d 20, 25-33 (1st Cir. 2006), the First Circuit found that a district court in Puerto Rico properly dismissed very similar FTCA claims – based upon the same Navy activities that Plaintiffs allege here – because the FTCA's discretionary function exception deprived the court of subject matter jurisdiction.  Like Plaintiffs in the instant suit, the plaintiffs in the previous actions "alleged that the Navy's past military exercises and waste disposal activities at the AFWTF had exposed them to hazardous substances," and "sought damages for personal injury [and] emotional distress."  *See Abreu*, 468 F.3d at 24.  Plaintiffs in the instant case have even alleged that the United States violated federal law by operating an open burning/open detonation facility at the ATWTF without a permit under RCRA, *see* Compl. ¶¶ 9-13; though, the Puerto Rico district court squarely rejected an identical claim, and the First Circuit held that the RCRA violation could not be a basis for tort liability under the FTCA. *Abreu*, 468 F.3d at 29-32 & n.6.  Given the *Abreu* decision – the impact of which seems to have been the sole motivation for bringing the instant action in the District for the District of Columbia – it is doubtful that Plaintiffs can state a valid FTCA claim that is not barred by the

-14-

FTCA's discretionary function exception.[7/]

Thus, because Plaintiffs have engaged in forum shopping and because there is a substantial question whether Plaintiffs can state a valid FTCA claim in any federal court, this Court should, in the sound exercise of its discretion, dismiss this case.  Plaintiffs will undoubtedly argue that this Court should not dismiss the case because any subsequent action will be barred by the FTCA's statute of limitations.  The expiration of the statute of limitations can be one reason to transfer a case rather than dismiss it.  *See Sinclair v. Kleindienst*, 711 F.2d 291, 293-94 (D.C. Cir. 1983) (stating that transfer **may** be appropriate when a procedural obstacle such as the statute of limitations impedes an adjudication on the merits); *Simpson*, 496 F. Supp. 2d at 194 (same).

However, the dismissal of an action for improper venue when the statute of limitations has expired is not itself an abuse of discretion.  *Cont'l Ins. Co. v. M/V Orsula*, 354 F.3d 603, 608 (7th Cir. 2003) (stating that "dismissal of a cause of action for improper venue under 28 U.S.C. § 1406(a) after the statute of limitations has run does not, on its own, constitute an abuse of discretion").[8/]  In particular, courts have found that filing a case in a court of improper venue

---

[7/] In fact, if the case were undoubtedly outside of the subject matter jurisdiction of any federal court, dismissal would be the only appropriate remedy.  *See* 14D Wright, Miller & Cooper, *supra*, § 3827, at 567.

[8/] Similarly, federal courts have held that it is not an abuse of discretion to deny, as not in the interest of justice, a ***plaintiff's*** motion under Section 1406(a) to transfer a case from an improper forum on the ground that the plaintiff's attorney could reasonably have foreseen that the forum in which the attorney filed was improper.  *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993) (citing cases).  "These decisions are premised on the notion that a district court acts within its discretion when it finds that the interest of justice is not served by allowing a plaintiff whose attorney committed an obvious error in filing the plaintiff's action in the wrong court, and thereby imposed substantial unnecessary costs on both the defendant and the judicial system, simply to transfer [the] action to the proper court."  991 F.2d at 1201.

-15-

shortly before the statute of limitations expires may justify dismissal.  In *Pedzewick v. Foe*, 963 F.Supp. 48, 51 (D. Mass. 1997), a district court exercised its discretion to dismiss a case for improper venue, rather than transfer it, even though the statute of limitations had expired on any subsequent action.  The court explained:

> Although [the plaintiff] commenced this action within the statute of limitations, this Court is troubled by the fact that [the plaintiff] filed on the very last day, in a court that – by no stretch of the imagination – could even arguably exercise personal jurisdiction over these Defendants. . .  [T]his Court concludes that transfer in this case would result in an abuse of the judicial system.  The transfer statutes were not intended to give plaintiffs an end run around the rules of personal jurisdiction and venue, but rather were intended to facilitate fairness and result in greater convenience to litigants.  [*Goldlawr*, 369 U.S. at 466-67.]  Fairness and convenience are not furthered by allowing a party purposefully to file in the wrong court, thereby holding open the statute of limitations indefinitely.

963 F. Supp. at 51.[9/]  Likewise, in *In re Complaint of Mike's, Inc.*, 317 F.3d 894, 898 (8th Cir. 2003), the Eighth Circuit found, under an identical admiralty transfer statute, that it was not an abuse of discretion to dismiss a case for improper venue, even though the plaintiffs would be precluded from refiling by the statute of limitations.  The court reasoned that the plaintiff had not filed the claim until the last week before the limitations period had run and had failed to advise the court of the limitations problem.  *Id.  See also Dubin v. United States*, 380 F.2d 813, 816 n.5 (5th Cir. 1967) (stating that it is not "in the interest of justice" to aid a non-diligent plaintiff who knowingly files a case in the wrong district by transferring the case under 28 U.S.C. § 1406(a)

---

[9/] In *Pedzewick* the district court found significant the Supreme Court's conclusion in *Goldlawr* that Congress had enacted Section 1406(a) because a plaintiff may make a mistake of venue due to "uncertainties of proper venue," and, therefore, "the interest of justice" may require transfer rather than dismissal so that the plaintiff would not be penalized by "time-consuming and justice-defeating technicalities."  963 F. Supp. at 52, quoting *Goldlawr*, 369 U.S. at 467 (internal quotations omitted).  The court stated, "[t]he negative implication of the *Goldlawr* Court's conclusion is that a court ought deny transfer when a plaintiff fails to exercise proper diligence or does not act in good faith in deciding where to file suit."  963 F. Supp. at 52.

rather than dismissing it).

Here, Plaintiffs filed their lawsuit in this district in the last week before the statute of limitations expired. The Department of the Navy sent, by certified mail, a notice of final denial of the administrative claims of Plaintiffs on, or about, March 12, 2007. *See* U.S. Exh. 2 (Denial Letter). Plaintiffs filed their Complaint in this case on September 5, 2007, just days before the FTCA's six-month statute of limitations expired. *See* 28 U.S.C. § 2401(b).[10/] Plaintiffs did not effectuate service on the United States until December, three months later. Under these circumstances, any argument that the case should be transferred because of the statute of limitations should carry no weight. As the Seventh Circuit noted in *Continental Insurance*, "[w]hile dismissing the suit because of a mistake that is 'easy to commit' might be 'so disproportionate' a penalty as to constitute an abuse of discretion, the 'proper penalty for obvious mistakes that impose costs on opposing parties and on the judicial system is a heavy one.'" 354 F.3d at 608 (quoting *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986)).

For all of these reasons, the Court should exercise its discretion to dismiss this case.

**V.     If This Court Were To Decide To Transfer The Case, The Court Should Transfer It To The District Of Puerto Rico.**

If the Court were to determine that the interest of justice favors transfer, rather than dismissal, the Court should transfer the case to a district where the case might properly have been brought and which best serves the interest of justice and the convenience of the parties and

---

[10/] The FTCA contains a two-part limitations provision, and a failure to satisfy either part puts a case outside of the court's subject matter jurisdiction. First, a claim must be presented to the appropriate Federal Agency "within two years after such claim accrues." 28 U.S.C. § 2401(b). Second, an action must be brought "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." *Id.* If this case is dismissed, Plaintiffs will not be able to satisfy the second part of this limitations provision.

-17-

the witnesses.  Where there are multiple districts in which venue may appropriately lie, this

Court has considered both private-interest factors and public-interest factors in determining

which court should hear the case.  *Sierra Club*, 276 F. Supp. 2d at 65 (discussing factors and

citing *Trout Unlimited v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996)).  Here, these

factors weigh heavily in favor of the District of Puerto Rico as the proper transferee district

court, if the case is not dismissed.  Over ninety percent of the plaintiffs reside in Puerto Rico,

and the allegedly negligent conduct occurred in Puerto Rico.[11]  Moreover, the district court in

the District of Puerto Rico is familiar with the facts and circumstances regarding the Navy's past

military exercises and waste disposal activities at the AFWTF, given its adjudication of the

*Abreu* case.  This case also presents a local controversy, and, given Plaintiffs' allegations,

specifically raises issues of Puerto Rico law.  Accordingly, the case should have been filed, if at

all, in the district court for the District of Puerto Rico.  If the Court does not dismiss the case, the

Court should transfer it to the District of Puerto Rico.[12]

## CONCLUSION

For all of the foregoing reasons, this Court should dismiss this case for improper venue.

---

[11] Even if a single plaintiff resided in the District of Columbia, or this Court were to find
that venue was otherwise proper, the District of Columbia would not be the most appropriate
venue for this suit, involving the claims of over 7,000 plaintiffs.  In that situation, there would be
good grounds for transferring the case pursuant to 28 U.S.C. § 1404(a) (allowing for transfer
"[f]or the convenience of parties and witnesses, in the interest of justice"), and the appropriate
venue for transfer would be the District of Puerto Rico.

[12] If the Court were to transfer the case, in its transfer Order the Court should note that
this case is related to the *Abreu* litigation, which was handled by the Hon. Jose Antonio Fuste,
Chief U.S. District Judge.  This will allow the clerk for the District Court for the District of
Puerto Rico to determine whether the transferred matter should be assigned to Judge Fuste under
the court's Local Rules which permit specific judicial assignments of related cases to effectuate
savings of judicial effort.

-18-

Dated:  February 1, 2008                    Respectfully submitted,


                                            JEFFREY S. BUCHOLTZ
                                            Acting Assistant Attorney General, Civil Division

                                            C. FREDERICK BECKNER III
                                            Deputy Assistant Attorney General, Civil Division

                                            J. PATRICK GLYNN (D.C. Bar #219162)
                                            Director, Torts Branch, Civil Division


                                            ____/s/   Adam Bain_____
                                            ADAM BAIN (IN Bar #11134-49)
                                            Senior Trial Counsel
                                            MARGARET JANE MAHONEY
                                            Trial Attorney (PA Bar # 24635)
                                            United States Department of Justice
                                            Torts Branch, Civil Division
                                            1331 Pennsylvania Ave., N.W., Room 8016S
                                            Washington, D.C. 20004
                                            Tel:  (202) 616-4209 (Bain)
                                            Fax:  (202) 616-4473
                                            Adam.Bain@usdoj.gov

                                            Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2008, I caused to be served a copy of the Defendants'

Motion to Dismiss For Improper Venue, Memorandum of Points and Authorities, Exhibits and

Proposed Order, by Federal Express, overnight mail, and through Electronic Case Filing on

counsel for plaintiffs at the addresses listed below.

John Arthur Eaves, Jr.
EAVES LAW FIRM
101 North State St.
Jackson, MS 39201
Telephone: (601) 355-7961

Steven R. Perles
Edward MacAllistar
THE PERLES LAW FIRM
1146 19th Street, N.W.
5th Floor
Washington, DC 20036
Telephone: (202) 955-9055


                                        /s/   Adam Bain
                                        ADAM BAIN (IN Bar #11134-49)
                                        Senior Trial Counsel
                                        United States Department of Justice
                                        Torts Branch, Civil Division
                                        1331 Pennsylvania Ave., N.W., Room 8016S
                                        Washington, D.C. 20004
                                        Tel:  (202) 616-4209
                                        Fax:  (202) 616-4473
                                        Adam.Bain@usdoj.gov

# U.S. EXHIBIT 1

**Sanchez, et al. v. United States, et al.**
**Civil Action No. 1:07-CV-01573 (RMU)**

# United States Court of Appeals

### For The District of Columbia Circuit

_____

**No. 03-5239**                                    **September Term, 2004**

02cv01205

**Filed On: November 22, 2004**

[861371]
M. R. Mikkilineni,
        Appellant

    v.

Commonwealth of Pennsylvania, et al.,
        Appellees

_____

**03-5285**                                              02cv00702

M. R. Mikkilineni,
        Appellant

    v.

L. Robert Kimball & Associates, et al.,
        Appellees

**BEFORE:**    Sentelle, Henderson, and Tatel, Circuit Judges

## O R D E R

Upon consideration of the motion for summary affirmance in No. 03-5239 filed by the Borough of Forest Hills; the motions for summary affirmance in Nos. 03-5239 and 03-5285 filed by the United States and L.R. Mecham, Director of the Administrative Office of United States Courts; the combined responses to the three motions; and the replies; the motion for summary reversal in Nos. 03-5239 and 03-5285 (styled "summary remand"), the responses thereto, the reply, and the supplement to the reply; and the motion to strike the U.S. Attorney's reply/response, it is

**ORDERED** that the motion to strike be denied.  It is

**FURTHER ORDERED** that motion for summary reversal in Nos. 03-5239 and 03-5285 be denied and the motions for summary affirmance in Nos. 03-5239 and 03-5285 be granted.  The merits of the parties' positions are so clear as to warrant summary action.

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

## No. 03-5239                                September Term, 2004

See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per
curiam).  In the memorandum opinion and order filed July 24, 2003 in Civil Action No. 02-
702, and the memorandum opinion and order filed August 7, 2003 in Civil Action No. 02-
1205, the district court properly dismissed the damages claims against the United States
based on judicial immunity.  See Stump v. Sparkman, 435 U.S. 349 (1978); 28 U.S.C. §
2674.  Moreover, the United States' waiver of sovereign immunity under the Federal Tort
Claims Act does not extend to constitutional tort claims.  See 28 U.S.C. § 1346(b); FDIC v.
Meyer, 510 U.S. 471, 475-78 (1994).  The claims against  Mecham were properly
dismissed for lack of subject matter jurisdiction.  See Best v. Kelly, 39 F.3d 328, 330 (D.C.
Cir. 1994).  The district court was correct that appellant has not shown a clear and
indisputable right to the extraordinary remedy of mandamus, see Gulfstream Aerospace
Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988), or a right to relief under the
Declaratory Judgment Act, 28 U.S.C. § 2201.  Also, the claims against the Borough of
Forest Hills were properly dismissed as barred by the applicable statutes of limitations.  It
is

    **FURTHER ORDERED**, on the court's own motion, that the district court's orders in
Civil Action Nos. 02-702 and 02-1205 dismissing the claims against the remaining
appellees, be affirmed substantially for the reasons given.  The district court did not abuse
its discretion in dismissing the claims against Pennsylvania, Pittsburgh, and Glenn
Engineering for improper venue.  See 28 U.S.C. §§ 1391(b) & 1406(a); Naartex
Consulting Corp. v. Watt, 722 F.2d 779, 789 & n.17 (D.C. Cir. 1983).  In addition, the
district court properly held that appellant's claims against L. Robert Kimball & Associates
and Gallitzen Borough are barred by the doctrine of res judicata, see Allen v. McCurry, 449
U.S. 90, 94 (1980), and that the "full and final release" signed by the appellant bars the
present claims against the National American Insurance Corporation.  Finally, the claims
against Crady Swisher were correctly dismissed without prejudice in accordance with
Federal Rule of Civil Procedure 4(m).

    Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is
directed to withhold issuance of the mandate in Nos. 03-5239 and 03-5285 until seven
days after resolution of any timely petition for rehearing or petition for rehearing en banc.
See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

### Per Curiam

# U.S. EXHIBIT 2

**Sanchez, et al. v. United States, et al.**
**Civil Action No. 1:07-CV-01573 (RMU)**



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
WASHINGTON NAVY YARD
1322 PATTERSON AVENUE SE SUITE 3000
WASHINGTON DC 20374-5066

IN REPLY REFER TO

5890
Ser 15.151.A1/0193
March 12, 2007

**CERTIFIED MAIL**

L. Breland Hilburn, Esq.
John Arthur Eaves Law Firm
101 North State Street
Jackson, MS 39201

Dear Mr. Hilburn:

SUBJECT: CLAIMS OF VIEQUES RESIDENTS

This notice constitutes final administrative action on your clients' claims submitted for personal injuries and property damages allegedly resulting from the U.S. Navy's operation of the Atlantic Fleet Weapons Training Facility (AFWTF) on the Island of Vieques between the 1940s to the present.

Your clients' claims, whose names are listed on the enclosure to this letter, are denied. The claims were considered under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. In accordance with the FTCA, the United States can only be held liable under limited circumstances where the negligent acts or omissions of United States employees acting within the scope of their employment proximately caused injury. The government's investigation determined that the operations of the training facility did not involve any such negligent acts or omissions, or result in any injury or property damage to the claimants.

I am required by regulation to inform you that if your clients are dissatisfied with the action taken on their claims, they may file suit in an appropriate United States District Court no later than six months from the date of mailing of this letter. By law, failure to comply with that time limit forever bars your clients from further suit. I am not implying that any such suit, if filed, would be successful.

Sincerely,

P. A. LEONARD
Deputy Assistant Judge
Advocate General
(Claims and Tort Litigation)

Enclosure

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____ )
                                    )
JUANITA SANCHEZ (ON BEHALF          )
OF MINOR CHILD DEBORA               )
RIVERA-SANCHEZ), et al.,            )
                                    )
        Plaintiffs,                 )
                                    )
        v.                          )        Civil Action No.  1:07-cv-01573-RMU
                                    )
                                    )
UNITED STATES OF AMERICA, et al.,   )        ECF
                                    )
        Defendants.                 )
_____ )

## <u>ORDER</u>

This matter comes before the Court on the Defendants' Motion to Dismiss.  Based upon

the motion, the memoranda of points and authorities, and the entire record herein, it is hereby

ORDERED, that the Defendants' Motion is GRANTED.

It is further ORDERED that JUDGMENT is entered for the DEFENDANTS and this

case is HEREBY DISMISSED.

This is a final appealable order.

Dated _____          _____
                                     HON. RICARDO M. URBINA
                                     United States District Judge