UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JUANITA SANCHEZ, *et al.*,          )
                                    )
                Plaintiffs,         )
                                    )   CA No. 07-1573 (RMU)
        v.                          )
                                    )
United States, *et al.*,            )
                                    )
                Defendants.         )
_____)

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS FOR LACK OF VENUE**

Plaintiffs hereby file their Opposition to Defendants' Motion to Dismiss for Lack of Venue. Defendants' Motion to Dismiss should be denied without prejudice as the filing of Plaintiffs' First Amended Complaint has rendered the Motion moot.

Plaintiffs state the following in support thereof -- Plaintiffs served their Original Complaint on the Defendants on December 5, 2007, and the Defendants filed a Motion to Dismiss the Complaint on February 1, 2008. The Court extended Plaintiffs' time to respond to the Motion to Dismiss to March 15, 2008. In lieu thereof and pursuant to Fed. R. Civ. P. 15(a), Plaintiffs filed their First Amended Complaint on March 11, 2008, four days before their response to the Defendants' Motion to Dismiss was due on March 15, 2008.

Counsel for the Parties then had a telephonic meet-and-confer regarding the appropriate next steps in the litigation. Counsel for Defendants indicated they would refile the Motion to Dismiss and seek an extension of time to file a new Motion to Dismiss. Plaintiffs consented to the requested extension. Defendants' Unopposed

Motion for an Extension of Time to File, filed today March 13, 2008, is an implicit recognition of the mootness of the pending Motion to Dismiss.

> The filing of the amended complaint makes a pending Motion to Dismiss moot:
>
> Defendants have served a motion to dismiss the complaint, but no responsive filing recognized by Rule 7(a) among the only filings considered as "pleadings." See Confederate Memorial Ass'n v. Hines, 995 F.2d 295, 299 (D.C. Cir. 1993) ("[A] motion to dismiss is not ordinarily considered a 'responsive pleading' under Rule 15(a)[.]") (citation omitted); Gupta v. Northrop Grumman Corp., 462 F. Supp. 2d 56, 61 (D.D.C. 2006) (stating that a motion to dismiss is not a pleading). The fact is that plaintiffs have a right to amend their complaint now as a matter of course without seeking leave to do so. Their motion, then, is moot and the Clerk will be directed to docket the amended complaint. Furthermore, defendants' pending motion to dismiss will be denied without prejudice as moot.

E.g., Clay v. Socialist People's Libyan Arab Jamahirya, 2008 U.S. Dist. LEXIS 15949 at **2-3 (D.D.C. March 3, 2008).

## CONCLUSION

The Court should deny without prejudice the pending Motion to Dismiss for Lack of Venue as moot.  The complaint it was directed against no longer exists and Defendants have indicated in their Unopposed Motion for an Extension filed today that they wish to re-brief the issue to answer the significant new allegations contained in the amended complaint.

Dated:  March 13, 2008                          Respectfully Submitted,


          /s/ Steven R. Perles
          PERLES LAW FIRM, P.C
          Steven R. Perles (No. 326975)
          Edward MacAllister (No. 494558)
          1146 19th Street, N.W., Fifth Floor
          Washington, DC  20036
          Tel.:   202-955-9055
          fax:    202-955-3806

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUANITA SANCHEZ, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CA No. 07-1573 (RMU) |
| v. ) | |
| ) | |
| United States, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# ORDER

Upon Plaintiffs' Opposition to Defendants' Motion to Dismiss for Lack of Venue, the Court this _____ day of _____, 2008,

it is hereby **ORDERED** that Defendants' Motion is denied without prejudice. The Motion is moot as a result of the Plaintiffs' filing of their First Amended Complaint.

_____
United States District Judge