## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                              )
**JUANITA SANCHEZ (ON BEHALF**               )
**OF MINOR CHILD DEBORA**                    )
**RIVERA-SANCHEZ), et al.,**                 )
                                              )
      **Plaintiffs,**                  )
                                              )
      **v.**                          )    **Civil Action No.  1:07-cv-01573-RMU**
                                              )
                                              )    **ECF**
**UNITED STATES OF AMERICA, et al.,**        )
                                              )
      **Defendants.**                  )
_____)


### DEFENDANTS' MOTION TO DISMISS FOR LACK OF VENUE

     The Defendants hereby move to dismiss Plaintiffs' First Amended Complaint pursuant to

Fed. R. Civ. P. 12(b)(3) for improper venue.[1/]  In support of this motion, the Defendants

respectfully submit the attached Memorandum of Points and Authorities, Exhibits, and a

Proposed Order.



Dated: April 11, 2008          Respectfully submitted,


                            JEFFREY S. BUCHOLTZ
                            Acting Assistant Attorney General, Civil Division

                            C. FREDERICK BECKNER III
                            Deputy Assistant Attorney General, Civil Division

---

    [1/] Dismissal of the federal officers and agencies improperly named as defendants would
be appropriate under Rules 12(b)(1) and 12(h)(3).

J. PATRICK GLYNN (D.C. Bar #219162)
Director, Torts Branch, Civil Division


   /s/  Adam Bain
ADAM BAIN (IN Bar #11134-49)
Senior Trial Counsel
MARGARET JANE MAHONEY
Trial Attorney (PA Bar # 24635)
United States Department of Justice
Torts Branch, Civil Division
1331 Pennsylvania Ave., N.W., Room 8016S
Washington, D.C. 20004
Tel:  (202) 616-4209 (Bain)
Fax:  (202) 616-4473
Adam.Bain@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____ )
)
**JUANITA SANCHEZ (ON BEHALF** )
**OF MINOR CHILD DEBORA** )
**RIVERA-SANCHEZ), et al.,** )
)
**Plaintiffs,** )
)
**v.** )          **Civil Action No.  1:07-cv-01573-RMU**
)
)
**UNITED STATES OF AMERICA, et al.,** )          **ECF**
)
**Defendants.** )
_____)


## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO DISMISS FOR LACK OF VENUE

## TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL BACKGROUND AND STATEMENT OF RELEVANT FACTS . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    I.     Standard Of Review On A Motion To Dismiss For Improper Venue . . . . . . 6

    II.    The United States Is The Only Proper Defendant For This
           FTCA Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    III.   Venue Does Not Exist In The District Of Columbia For Plaintiffs'
           FTCA Action Because None Of The Plaintiffs Reside In The
           District Of Columbia And Because The District Of Columbia Is Not
           The Judicial District "Wherein The Act Or Omission Complained Of
           Occurred" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        A.    The District Of Columbia Is Not The Judicial District
                 "Wherein The Act Or Omission Complained Of Occurred" . . . . . . 8

        B.    Plaintiffs' New Allegations Regarding Conduct Of Government
                 Policy-Makers In The District Of Columbia Are Not A Sufficient
                 Basis For Venue In This District . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    IV.   This Court Should Exercise Its Discretion To Dismiss This Case
           Rather Than Transfer It To A Court With Proper Venue . . . . . . . . . . . . . 17

    V.    If This Court Were To Decide To Transfer The Case, The Court
           Should Transfer It To The District Of Puerto Rico . . . . . . . . . . . . . . . . . . 24

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

# TABLE OF AUTHORITIES

**PAGE**

## FEDERAL CASES

*2215 Fifth St. Assocs. v. U-Haul Int'l, Inc.*,
148 F. Supp. 2d 50 (D.D.C. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

\* *Abreu v. United States*,
468 F.3d 20 (1st Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 20

*Adrian v. United States*,
No. 04-1721, 2006 WL 763076, at \*1 (D.D.C. March 13, 2006) . . . . . . . . . . . . . . . . 15

*Andrade v. Chojnacki*,
934 F. Supp. 817 (S.D. Tex. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Bartel v. Fed. Aviation Admin.*,
617 F. Supp. 190 (D.D.C. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 20

*Beattie v. United States*,
756 F.2d 91 (D.C. Cir. 1984),
*overruled on other grounds*, 507 U.S. 197 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*Boggs v. United States*,
987 F. Supp. 11 (D.D.C. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Brunette Machine Works v. Kockum Industries, Inc.*,
406 U.S. 706 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Cameron v. Thornburg*,
983 F.2d 253 (D.C. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9, 17

*Capital Bank Int'l Ltd. v. Citigroup, Inc.*,
276 F. Supp. 2d 72 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Cont'l Ins. Co. v. M/V Orsula*,
354 F.3d 603 (7th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 24

*Cote v. Wadel*,
796 F.2d 981 (7th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Cox v. Sec'y of Labor*,
739 F. Supp. 28 (D.D.C. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**PAGE**

*Dominguez v. Fed. Bureau of Prisons*,
    No. 05-2242, 2006 WL 1445041 (D.D.C. May 26, 2006) . . . . . . . . . . . . . . . . . . . . . . . . 15

*Dorman v. Thornburg*,
    740 F. Supp. 875 (D.D.C. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Dubin v. United States*,
    380 F.2d 813 (5th Cir. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*El v. Belden*,
    360 F. Supp. 2d 90 (D.D.C. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Esogbue v. Dep't of Homeland Sec.*,
    No. 06-1895, 2007 WL 2601932 (D.D.C. Sept. 6, 2007) . . . . . . . . . . . . . . . . . . . . . . . 13

*Franz v. United States*,
    591 F. Supp. 374 (D.D.C. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Freeman v. Fallin*,
    254 F. Supp. 2d 52 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

\* *Goldlawr, Inc. v. Heiman*,
    369 U.S. 463 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 20, 22, 23

*Hahn v. United States*,
    457 F. Supp. 2d 27 (D.D.C. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Huskey v. Quinlan*,
    785 F. Supp. 4 (D.D.C. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*In re Complaint of Mike's, Inc.*,
    317 F.3d 894 (8th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*James v. Booz-Allen, Hamilton, Inc.*,
    227 F. Supp. 2d 16 (D.D.C. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Kauffman v. Anglo-American School of Sofia*,
    28 F.3d 1223 (D.C. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**PAGE**

\* *Mikkilineni v. Commonwealth of Pennsylvania*,
   No. 02-1205, 2003 WL 21854754 (D.D.C. Aug. 5, 2003)
   *aff'd*, No. 03-5329 (D.C. Cir. Nov. 22, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Naartex Consulting Corp. v. Watt*,
   722 F.2d 779 (D.C. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 19

*Nichols v. G.D. Searle & Co.*,
   991 F.2d 1195 (4th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

\* *Pedzewick v. Foe*,
   963 F.Supp. 48 (D. Mass. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23

*Prof'l Managers' Ass'n v. United States*,
   761 F.2d 740 (D.C. Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Quarles v. Gen. Inv. & Dev. Co.*,
   260 F. Supp. 2d 1 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Reuber v. United States*,
   750 F.2d 1039 (D.C. Cir. 1984)
   *overruled on other grounds by*, 28 F.3d 1223 (D.C. Cir. 1994) . . . . . . . . . . . . . . . . 10, 11

*Richards v. United States*,
   369 U.S. 1 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Sierra Club v. Flowers*,
   276 F. Supp. 2d 62 (D.D.C 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 17, 24

*Simpson v. Fed. Bureau of Prisons*,
   496 F. Supp. 2d 187 (D.D.C. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 21

*Sinclair v. Kleindienst*,
   711 F.2d 291 (D.C. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Smith v. United States*,
   507 U.S. 197 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

\* *Sosa v. Alvarez-Machain*,
   542 U.S. 692 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

**PAGE**

*Stern v. Fed. Bureau of Prisons*,
    515 F. Supp. 2d 153 (D.D.C. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Stern v. Fed. Bureau of Prisons*,
    No. 07-00564, 2007 WL 1555830 (D.D.C. March 22, 2007) . . . . . . . . . . . . . . . . . . . . 15

*Trout Unlimited v. Dep't of Agric.*,
    944 F. Supp. 13 (D.D.C. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Vanskiver v. Rosotti*,
    No. 00-2455, 2001 WL 361470 (D.D.C. Jan. 31, 2001) . . . . . . . . . . . . . . . . . . . . . . . . 19

* *Zakiya v. United States*,
    267 F. Supp. 2d 47 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 12, 14, 15

**FEDERAL STATUTES**

28 U.S.C. § 1346(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 8, 10

* 28 U.S.C. § 1402(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 10 passim

28 U.S.C. § 1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 24

* 28 U.S.C. § 1406(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 7, passim

28 U.S.C. § 2401(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

28 U.S.C. § 2671-2680 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 2680(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. § 2680(k) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

42 U.S.C. § 6901 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

Fed. R. Civ. P. 12(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

**PAGE**

Fed. R. Civ. P. 12(h)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

**MISCELLANEOUS**

14D Charles A. Wright, Arthur R. Miller & Edward H. Cooper,
    *Federal Practice and Procedure* § 3814 (3d ed. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

14D Charles A. Wright, Arthur R. Miller & Edward H. Cooper,
    *Federal Practice and Procedure* § 3827 (3d ed. 2007) . . . . . . . . . . . . . . . . . . . . . 7, 18, 21

Senate Report, 1949 U.S. Code Cong. Serv. & Admin. News 1248. . . . . . . . . . . . . . . . . . . . 18

**INTRODUCTION**

Pursuant to Fed. R. Civ. P. 12(b)(3), and 28 U.S.C. § 1406(a), the Defendants have moved the Court to dismiss this case because venue is lacking in this district.[1/]

**PROCEDURAL BACKGROUND AND STATEMENT OF RELEVANT FACTS**

On September 5, 2007, Plaintiffs filed their Original Complaint in this action seeking money damages for "widespread injuries and permanent damage" allegedly caused by the United States Navy's operation of the Atlantic Fleet Weapons Training Facility (AFWTF) on Vieques Island, Puerto Rico.  Orig. Compl. ¶¶ 3-4.  Plaintiffs in this action are 7,125 individuals and estates.  First Amended Complaint (FAC)  ¶¶ 34-7156.  The named Defendants are the United States, the United States Department of Defense, the United States Department of Navy, Robert M. Gates, Secretary of Defense, and Donald C. Winter, Secretary of Navy.  *Id.*  ¶¶ 7157-7159.

Plaintiffs did not serve the defendants with the Original Complaint until approximately three months after they filed it.  On February 1, 2008, the United States filed a motion to dismiss the Original Complaint for lack of venue pursuant to Fed. R. Civ. P. 12(b)(3) (Docket No. 13).  The United States' motion showed that venue was not proper in the District of Columbia under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, because, under the applicable venue statute, 28 U.S.C. §1402(b), none of the plaintiffs reside in the District of Columbia and the allegedly negligent conduct did not occur in the district.  Because the allegedly negligent conduct occurred on the Island of Vieques in the District of Puerto Rico, venue was only proper in that district based upon where the conduct occurred.

---

[1/] Dismissal of the federal officers and agencies improperly named as defendants is appropriate under Rules 12(b)(1) and 12(h)(3).  *See* pp. 6-7 and footnote 3 *infra.*

On March 11, 2008, four days before their response to the United States' motion was due, Plaintiffs filed their First Amended Complaint (FAC) (Docket No. 15). Plaintiffs amended their Original Complaint in an attempt to establish a basis for venue in the District of Columbia. Plaintiffs added allegations of further statutory and regulatory violations. FAC ¶¶ 14-19. Plaintiffs now contend that the Secretary of Defense was involved in many decisions in contravention of regulations, *id.* ¶¶ 16-17, and that "some of the decisions . . . would have been authorized or issued from Washington, DC." *Id.* ¶ 20. Additionally, Plaintiffs allege that government facilities on Vieques "fell under the jurisdiction of many different [federal] agencies" and that "various inter-agency working groups would have or should have come together in Washington, DC from time-to-time to create policy, resolve problems or to implement policy on or for the US government facilities on Vieques." *Id.* ¶ 23. Plaintiffs also allege that "various government agencies and inter-agency working groups initiated investigations, reviewed results, met and discussed findings, debated the merits of various plans and policies, created plans and policy, monitored and reviewed results of plans and policy in Washington, DC where the majority of responsible government officials work." *Id.* ¶ 24. Finally, Plaintiffs modified a paragraph from their Original Complaint regarding the applicable law. The Original Complaint had stated "[t]he United States and its agents, if a private person, would be liable in accord with the law of Puerto Rico, the place where the negligent acts and omissions occurred," Orig. Compl. ¶ 16; the FAC now alleges that "[t]he United States and its agents, if a private person, would be liable in accord with the law of the District of Columbia." FAC ¶ 30.

Plaintiffs allege that the Defendants used the AFWTF, on Vieques Island, Puerto Rico, as a firing range and weapons testing site from World War II to 2003. FAC ¶ 4. Plaintiffs claim that use of the AFWTF resulted in large volumes of toxic and hazardous waste and that the Defendants negligently failed safely to store or dispose of the toxic waste. *Id.* ¶ 8. Plaintiffs contend that the Defendants violated federal laws and regulations, which included operating an open burning/open detonation facility at the AFWTF without a valid permit under the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6901 *et seq.* FAC ¶¶ 9-13. Plaintiffs also contend that a failure to comply with regulations and a failure to warn the public "led to the continuing dangerous conditions on Vieques." *Id.* ¶ 14. Plaintiffs allege that the Secretary of Defense was required to notify appropriate state and local authorities of releases of hazardous substances and of proposed responses to those releases. *Id.* ¶ 16. Moreover, Plaintiffs allege that the military was to monitor compliance with environmental laws and ensure appropriate remedial action, which created reporting requirements "that should have triggered a warning to the people of Vieques." *Id.* ¶¶ 16-19.

In the substantive counts of the FAC, Plaintiffs include the following allegations of negligence:

(1) the Defendants have occupied over two-thirds of the Island of Vieques and "negligently engaged in training and support activities consisting of utilization of all manners of live fire delivery mechanisms," and, in the course of these activities, the Defendants "used highly toxic and known carcinogenic materials" (*id.* ¶ 7182);

(2) the Defendants have "conducted support services on the Island of Vieques" along with the live fire training operations and "negligently stored numerous known carcinogenic, hazardous and/or otherwise toxic substances" (*id.* ¶ 7183);

(3) the Defendants have "negligently, recklessly, and/or intentionally exposed the citizens of Vieques to a multitude of toxic substances" (*id.* ¶ 7187);

(4) the Defendants have "stored many toxic compounds on the Island of Vieques" and have "negligently maintained . . . storage facilities and/or [have] intentionally disposed of hazardous material in a manner that constitutes a danger to human life and well being" (*id.* ¶ 7199-7200); and

(5) the Defendants "have been negligent, grossly negligent, and/or reckless in [failing] to monitor the environmental impact of . . . training and storage facilities on the Island of Vieques" (*id.* ¶ 7208).

The first count of Plaintiffs' FAC, labeled as "Negligence," is specifically alleged to arise "[u]nder Puerto Rican common law." FAC at page 484. Additionally, incorporating their prior factual and negligence allegations, Plaintiffs allege seven other counts under Puerto Rico law: (1) wrongful death under Puerto Rican statutory and common law (*id.* ¶¶ 7212-7214); (2) survival under Puerto Rican statutory and common law (*id.* ¶¶ 7215-7217); (3) negligent infliction of emotional distress under Puerto Rican common law (*id.* ¶¶ 7218-7221); (4) trespass under Puerto Rican common law (*id.* ¶¶ 7222-7225); (5) nuisance under Puerto Rican common law (*id.* ¶¶ 7226-7228); (6) civil taking under the Constitution of the Commonwealth of Puerto Rico (*id.* ¶¶ 7229-7231); and (7) fear and fright under Puerto Rican common law (*id.* ¶¶ 7232-7239).

In 2004, two separate groups of plaintiffs brought similar FTCA actions against the United States in the United States District Court for the District of Puerto Rico. *See Abreu v. United States*, 468 F.3d 20, 24 (1st Cir. 2006). Like Plaintiffs in the instant suit, the plaintiffs in the previous actions "alleged that the Navy's past military exercises and waste disposal activities at the AFWTF had exposed them to hazardous substances," and "sought damages for personal injury [and] emotional distress. . . ." *See id.* The district court consolidated the actions, and, in April 2005, concluded that there was no subject matter jurisdiction "because the Navy's allegedly harmful conduct was within the discretionary function exception" to the waiver of sovereign

immunity in the FTCA, 28 U.S.C. § 2680(a).[2/]  468 F.3d at 24.  The plaintiffs appealed that

ruling, and in November, 2006, the First Circuit Court of Appeals affirmed the district court and

agreed that the FTCA's discretionary function exception deprived the federal court of subject

matter jurisdiction.  468 F.3d at 25-33.

## SUMMARY OF ARGUMENT

As we show below, in an apparent effort to avoid unfavorable precedent in the First

Circuit Court of Appeals and in the District of Puerto Rico, Plaintiffs filed this action in a court

of improper venue on the eve of the expiration of the FTCA's six-month statute of limitations.

Venue is improper in the District of Columbia under the applicable venue statute, 28 U.S.C.

§1402(b), because none of the plaintiffs reside in the District of Columbia and because the

allegedly negligent conduct did not occur in the district.  Plaintiffs' amendment of their

Complaint is not sufficient to create venue in the District of Columbia, but rather the amendment

is a transparent effort to "manufacture venue" in the district.  The most appropriate remedy in a

situation in which Plaintiffs have engaged in forum shopping of a case likely outside of any

federal court's subject matter jurisdiction is to dismiss, rather than transfer, the case.  If this

Court were to decide to transfer the case, it should transfer it to the District of Puerto Rico where

over ninety percent of the plaintiffs reside and where the complained of acts and omissions

occurred.

---

[2/] The discretionary function exception states that the waiver of sovereign immunity of the FTCA shall not apply to "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  28 U.S.C. § 2680(a).

## ARGUMENT

**I.     Standard Of Review On A Motion To Dismiss For Improper Venue**.

Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a plaintiff's complaint for improper venue in lieu of filing an answer.  When a defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper, "[b]ecause it is the plaintiff's obligation to institute the action in a permissible forum."  *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003).  In considering a motion to dismiss for improper venue, the Court must accept the plaintiff's well-pled factual allegations regarding venue as true, must "draw all reasonable inferences from those allegations in the plaintiff's favor, and must resolve any factual conflicts regarding venue for the plaintiff.  *See Quarles v. Gen. Inv. & Dev. Co.*, 260 F. Supp. 2d 1, 8 (D.D.C. 2003), citing *James v. Booz-Allen, Hamilton, Inc.*, 227 F. Supp. 2d 16, 20 (D.D.C. 2002); *2215 Fifth St. Assocs. v. U-Haul Int'l, Inc.*, 148 F. Supp. 2d 50, 54 (D.D.C. 2001).  If the Court finds that venue is improper, it must dismiss the action or, "if it be in the interest of justice," the Court may transfer the action "to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The decision whether to dismiss the action or transfer it is committed to the "sound discretion" of the district court.  *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983).

**II.     The United States Is The Only Proper Defendant For This FTCA Action.**

Plaintiffs have asserted their claims against the Defendants under the FTCA and have alleged that subject matter jurisdiction exists under that Act, 28 U.S.C. § 1346(b).  *See* FAC ¶¶ 1, 2.  The United States is the only proper defendant for this FTCA action.  Plaintiffs have sued the Department of Defense and the Department of Navy; Plaintiffs have also sued the Secretary of Defense and the Secretary of the Navy in their "official" capacities as being "legally responsible

for all decisions" of their Departments. *Id.* ¶¶ 7157-7159. However, "the FTCA directs that the exclusive remedy for tort claims is an action against the United States rather than against the individuals or the particular government agencies." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 29 (D.D.C. 1990) (citing cases). *See also Zakiya v. United States*, 267 F. Supp. 2d 47, 57 (D.D.C. 2003) (dismissing FTCA claims brought against the Attorney General and the United States Attorney for the District of Columbia). Accordingly, a court lacks subject matter jurisdiction over tort claims brought against federal agencies or government officials for actions in their official capacity. *See Cox*, 739 F. Supp. at 29 (finding that court lacked subject matter jurisdiction over claims against the Secretary of Labor in his official capacity); *Dorman v. Thornburg*, 740 F. Supp. 875, 878-79 (D.D.C. 1990) (finding no waiver of sovereign immunity for tort claims brought against federal agencies or federal employees in their official capacities).[3/]

III.    **Venue Does Not Exist In The District Of Columbia For Plaintiffs' FTCA Action Because None Of The Plaintiffs Reside In The District Of Columbia And Because The District Of Columbia Is Not The Judicial District "Wherein The Act Or Omission Complained Of Occurred.**"

Plaintiffs filed their action in a district which clearly lacks venue over their case because none of the plaintiffs reside in the District of Columbia and because the it is not the district where "the act or omission complained of occurred." With respect to venue for an FTCA action,

---

[3/] The Court should dismiss the improperly named Defendants under Fed. R. Civ. P. 12(b)(1) and 12(h)(3) even if it were to decide to transfer the case to Puerto Rico. Although the Court might consider transferring the entire case, it would not be in the interest of justice to do so under the transfer statute, 28 U.S.C. § 1406(a), because it would prolong the exposure of the improperly named defendants. *See Cameron v. Thornburg*, 983 F.2d 253, 257-58 n.5 (D.C. Cir. 1993); *Zakiya*, 267 F. Supp. 2d at 57-58. In fact, because the claims against the improperly named Defendants are clearly outside of the subject matter jurisdiction of any federal court, dismissal of these defendants is the only appropriate remedy. *See* 14D Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3827, at 567 (3d ed. 2007) (stating that a district court may not order transfer if it does not have subject matter jurisdiction unless transfer would cure the jurisdictional defect).

28 U.S.C. § 1402(b) provides: "Any civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." Citing this provision, Plaintiffs have alleged that venue is proper in the District of Columbia, FAC ¶ 33, but Plaintiffs have failed to allege a sufficient factual basis for venue in this district.

Significantly, this Court has stated, "[i]n this circuit, courts must examine challenges to venue particularly carefully 'to guard against the danger that a plaintiff might manufacture venue in the District of Columbia.'" *Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 65 (D.D.C. 2003), quoting *Cameron v. Thornburg*, 983 F.2d 253, 256 (D.C. Cir. 1993). "Otherwise, '[b]y naming high government officials as defendants, a plaintiff could bring a suit [in the District of Columbia] that properly should be pursued elsewhere.'" *Sierra Club*, 276 F. Supp. 2d at 65, quoting *Cameron*, 983 F.3d at 256.

### A.     The District Of Columbia Is Not The Judicial District "Wherein The Act Or Omission Complained Of Occurred."

Here, none of the plaintiffs reside in the District of Columbia.[4] Consequently, venue would only be proper in the District of Columbia if it were "the judicial district . . . wherein the act or omission complained of occurred." Under many venue statutes, including 28 U.S.C. § 1402(b), venue may be proper in more than one district; however, under the second clause of the FTCA's venue statute "it has so far been held that the act or omission complained of can occur in only one district." 14D Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3814, at 365 (3d ed. 2007). *See Andrade v. Chojnacki*, 934 F. Supp.

---

[4] Our review of the FAC shows that over six thousand and nine hundred of the Plaintiffs reside in Puerto Rico. FAC ¶¶ 34-7156. The rest of the Plaintiffs are scattered among the Virgin Islands (102), Florida (32), New York (24), New Jersey (16), and eleven other states. *Id.*

817, 829 n.24 (S.D. Tex. 1996) (stating that the operative language in Section 1402(b) suggests that venue in FTCA actions premised on "wherein the act or omission complained of occurred" is "proper in only one district").

If venue is proper in only one district based upon where the act or omission complained of occurred, that district must be the District of Puerto Rico. Plaintiffs' FAC contains many allegations of negligent conduct occurring on the Island of Vieques in Puerto Rico because the focus of the FAC is the Navy's operation of the AFWTF on the Island of Vieques. *See* FAC ¶ 4. Plaintiffs allege: negligent training and support activities on the Island of Vieques (*id* ¶ 7182); negligent storage and disposal of hazardous chemicals on the Island of Vieques (*id.* ¶¶ 8, 7183); negligent maintenance of storage facilities on the Island of Vieques (*id.* ¶¶ 7199-7200); and negligent monitoring of the environmental impact of training and storage facilities on the Island of Vieques (*id.* ¶ 7208). In their FAC, Plaintiffs have added allegations regarding decisions, meetings, policy-making, and monitoring that they contend occurred in the District of Columbia (*id.* ¶¶ 20, 23, 24, 26), but those allegations cannot overshadow Plaintiffs' many other allegations of acts or omissions which they contend occurred in Puerto Rico. Indeed, Plaintiffs' new allegations are nothing more than an attempt to "manufacture venue in the District of Columbia," *see Cameron*, 983 F.2d at 256, which this Court should reject.

Additionally, Plaintiffs' invocation of the FTCA's choice-of-law rule shows that Puerto Rico is the place "wherein the act or omission complained of occurred." The FTCA's choice-of-law provision in Section 1346(b) contains a nearly identical phrase to Section 1402(b)'s venue provision; Section 1346(b) states that the United States shall be liable "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). This provision requires courts in FTCA actions to apply the law of the place "where the acts of negligence took

place." *See Richards v. United States*, 369 U.S. 1, 9-10 (1962).  In their FAC, Plaintiffs affirmatively state that the law of Puerto Rico applies to each of the counts, *see* FAC ¶¶ 7181-7239, in essence conceding that Puerto Rico is the place where the act or omission complained of occurred.  It would be anomalous to interpret the FTCA's choice-of-law and venue provisions differently here when they both clearly point to Puerto Rico.  *See Reuber v. United States*, 750 F.2d 1039, 1047 & nn. 9-10 (D.C. Cir. 1984), *overruled on other grounds by Kauffman v. Anglo-American School of Sofia*, 28 F.3d 1223 (D.C. Cir. 1994) (finding interpretation of the FTCA's choice-of-law provision under Section 1346(b) relevant to the interpretation of the venue provision in Section 1402(b) while acknowledging that there may be different considerations underlying each issue).  Inconsistent with their allegations regarding the applicable law under the heading for each Count of their FAC, Plaintiffs have altered a preliminary allegation to contend that the applicable law is District of Columbia law.  Plaintiffs' Original Complaint had stated that "[t]he United States and its agents, if a private person, would be liable in accord with the law of Puerto Rico, the place where the negligent acts and omissions occurred."  Orig. Compl. ¶ 16.  Plaintiffs' FAC alleges that "[t]he United States and its agents, if a private person, would be liable in accord with the law of the District of Columbia."  FAC ¶ 30. Plaintiffs clearly changed this purely legal assertion in response to the United States' motion to dismiss the Original Complaint.  However, Plaintiffs' allegations elsewhere in the FAC show that Plaintiffs recognize that Puerto Rico law must apply to this action.

Even if venue were proper in more than one district based upon the phrase "the judicial district . . . wherein the act or omission complained of occurred," the District of Columbia would not be an appropriate venue for this action.  With respect to venue under the FTCA, courts in this district have interpreted the language "wherein the act or omission complained of occurred" in

Section 1402(b), as requiring "sufficient activities giving rise to the plaintiff's cause of action" taking place in the District of Columbia for venue to be proper. *Franz v. United States*, 591 F. Supp. 374, 378 (D.D.C. 1984). *See also Simpson v. Fed. Bureau of Prisons*, 496 F. Supp. 2d 187, 193 (D.D.C. 2007); *Hahn v. United States*, 457 F. Supp. 2d 27, 29 (D.D.C. 2006); *Zakiya*, 267 F. Supp. 2d at 58. As described previously, Plaintiffs' allegations of negligence are focused on acts or omissions that took place on the Island of Vieques in Puerto Rico, including negligent training and support activities; negligent storage and disposal of hazardous chemicals; negligent maintenance of storage facilities; and negligent monitoring of the environmental impact of training and storage facilities. FAC ¶¶ 4, 8, 7182, 7183, 7199, 7200, 7208. Thus, the conduct giving rise to Plaintiffs' cause of action occurred on the Island of Vieques in the District of Puerto Rico.

Courts in this circuit have frequently found venue lacking for an FTCA action in the District of Columbia under 28 U.S.C. § 1402(b) when the plaintiff does not reside in the District of Columbia and the "act or omission complained of" occurred elsewhere. For example, in *Reuber*, the District of Columbia Circuit Court of Appeals held that venue was improper in the District of Columbia because the plaintiff resided in Maryland and there was no wrongful conduct in the District of Columbia that caused him injury. 750 F.2d at 1046-47. The fact that effects from the allegedly tortious conduct may have occurred in the District of Columbia, through the dissemination of a letter there, was immaterial to the venue analysis. *Id. See also Hahn*, 457 F. Supp. 2d at 29 (holding that venue for an FTCA medical malpractice action was not proper in the District of Columbia where the plaintiff did not reside in the district and none of the acts or omissions underlying the complaint occurred in the district, notwithstanding the fact that the plaintiff was briefly treated at the Walter Reed Army Medical Center in the district);

-11-

*Simpson*, 496 F. Supp. 2d at 193 (holding that venue for an FTCA action was not proper in the District of Columbia where the plaintiff was not a resident of the district and "no significant event related to [the] action" occurred in the district); *Zakiya*, 267 F. Supp. 2d at 58 (holding that venue for an FTCA action was not proper in the District of Columbia where the plaintiff was not a resident of the district and "[n]one of the events central to plaintiff's lawsuit occurred in [the] district").

    **B.**       **Plaintiffs' New Allegations Regarding Conduct Of Government Policy-Makers In The District Of Columbia Are Not A Sufficient Basis For Venue In This District.**

One of the most salient facts regarding venue for an FTCA action did not change in Plaintiffs' FAC – none of the Plaintiffs reside in the District of Columbia.  However, in their FAC, Plaintiffs have added allegations regarding decisions, meetings, policy-making, and monitoring that they contend occurred in the District of Columbia.  FAC ¶¶ 20, 23, 24, 26. Plaintiffs contend that the Secretary of Defense was involved in many decisions in contravention of certain statutory and regulatory requirements, *id.* ¶¶ 16-17, and that "some of the decisions . . . would have been authorized or issued from Washington, DC."  *Id.* ¶ 20.  Additionally, Plaintiffs allege that government facilities on Vieques "fell under the jurisdiction of many different [federal] agencies including but not limited to the [Environmental Protection Agency], [the] Department of Health and Human Services, the Department of the Interior, the Department of the Navy and the Department of Defense" and that "various inter-agency working groups would have or should have come together in Washington, DC from time-to-time to create policy, resolve problems, or to implement policy on or for the US government facilities on Vieques." *Id.* ¶ 23.  Plaintiffs also allege that "various government agencies and inter-agency working groups initiated investigations, reviewed results, met and discussed findings, debated the merits

-12-

of various plans and policies, created plans and policy, monitored and reviewed results of plans and policy in Washington, DC where the majority of responsible government officials work." *Id.* ¶ 24.

Plaintiffs cannot establish venue in the District of Columbia based upon these allegations. The law is clear that a plaintiff cannot establish venue in the District of Columbia based upon the physical location of a federal agency defendant. Initially, the named federal department and individual defendants in this case are not proper defendants for an FTCA action. *See* Section II *supra*. Additionally, the headquarters for the Department of Defense and the Department of Navy are physically located in the Pentagon in Arlington, Virginia. Likely for this reason, Plaintiffs have claimed in their FAC that other federal agencies are implicated in decisions regarding the AFWTF on Vieques, namely the Environmental Protection Agency, the Department of Health and Human Services, and the Department of the Interior. *See* FAC ¶ 23. However, this Court has previously held that the location of the headquarters office for a government agency in the District of Columbia cannot establish venue in the District of Columbia. *See Esogbue v. Dep't of Homeland Sec.*, No. 06-1895, 2007 WL 2601932, at *1 (D.D.C. Sept. 6, 2007) (finding, under Section 1402(b), that the presence of the Bureau of Immigration and Customs Enforcement headquarters in the District of Columbia did not establish venue there where the plaintiff did not reside in the District of Columbia and no event related to the action occurred in the district); *Bartel v. Fed. Aviation Admin.*, 617 F. Supp. 190, 199 (D.D.C. 1985) (finding, under Section 1402(b), that District of Columbia headquarters for the Federal Aviation Administration was "entirely irrelevant" to the statutory test for venue and "obviously cannot constitute a basis for concluding that venue is appropriate" in the District of Columbia).

The specific allegations that Plaintiffs added through their FAC challenge alleged decisions and policies that they claim took place in the District of Columbia.  However, these allegations cannot be a basis for finding that venue is proper in the District of Columbia when the focus of Plaintiffs' allegations is actually the implementation of these decisions and policies that took place in Puerto Rico.  In recent cases, this Court has squarely rejected such "headquarters claims," as a basis for establishing venue in the District of Columbia.  In *Zakiya v. United States,* a federal prisoner brought an FTCA action that challenged a Bureau of Prisons (BOP) policy of detaining inmates beyond their judicially imposed sentences when there was a failure to meet court-imposed financial obligations.  267 F. Supp. 2d at 58.  This Court found that the plaintiff's allegations could not establish venue in the District of Columbia under the FTCA's venue statute, even if the policy upon which the BOP agents based their decision to detain the plaintiff was formulated in the district.  *Id.* at 58-59.  The Court noted that the plaintiff was not injured in the District of Columbia and "[n]one of the events central to plaintiff's lawsuit occurred in this district."  *Id.* at 58.  The Court concluded that the "plaintiff's challenge of the BOP policy is a specific attack on the implementation of that policy to his particular situation, and as the actual implementation by the BOP officials occurred at the facilities where he was incarcerated and not in this district, venue is not appropriate here."  *Id.* at 59.  *See also Huskey v. Quinlan*, 785 F. Supp. 4, 7 (D.D.C. 1990) (holding that a challenge to policies at a headquarters office in the District of Columbia would not be determinative in deciding where venue was appropriate under the venue transfer statute, 28 U.S.C. § 1404(a) because plaintiff "principally takes issue with the conduct of individuals" and "the implementation of policy," so venue properly lies where the implementation took place).

-14-

Following *Zakiya*, this Court has repeatedly held that plaintiffs cannot establish venue in the District of Columbia by challenging federal policy-making in the district when implementation of the policies took place elsewhere. *See Stern v. Fed. Bureau of Prisons*, No. 07-00564, 2007 WL 1555830, at *2 (D.D.C. March 22, 2007) (finding that because the implementation of a national Bureau of Prisons policy occurred at a federal prison in Jesup, Georgia, venue was appropriate in the Southern District of Georgia not in the District of Columbia); *Dominguez v. Fed. Bureau of Prisons*, No. 05-2242, 2006 WL 1445041, at *4 (D.D.C. May 26, 2006) (same holding transferring a case to the Eastern District of North Carolina); *Adrian v. United States*, No. 04-1721, 2006 WL 763076, at *1 (D.D.C. March 13, 2006) (finding no venue in the District of Columbia because specifically complained of conduct occurred in Louisiana, even though plaintiff claimed "all actions and activities of the named Defendant were sanctioned, approved, or ratified by FBI headquarters in Washington, DC."). *Cf. Stern v. Fed. Bureau of Prisons*, 515 F. Supp. 2d 153, 156 (D.D.C. 2007) (finding that transfer was not appropriate where a prisoner was making a purely legal challenge to the Bureau of Prisons' authority to promulgate a regulation). Thus, only when the focus of the plaintiffs' claims is truly the conduct of government officials in Washington which directly led to their damages – rather than the implementation of the officials' decisions or policies elsewhere – can there be venue in the District of Columbia as the district "wherein the act or omission complained of occurred."

In an analogous situation, the United States Supreme Court has ruled that a plaintiff could not circumvent a specific jurisdictional provision in the FTCA by asserting a "headquarters claim." In *Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004), the plaintiff claimed that agents of the Drug Enforcement Administration (DEA) had instigated his arrest in Mexico

by Mexican nationals and his transport to the United States for a criminal trial. *Id.* at 697. After

he was acquitted, plaintiff brought an FTCA action for false arrest. *Id.* at 698. Because the

plaintiff's arrest resulted from "wrongful acts of planning and direction" by DEA officials in the

United States, the Ninth Circuit, applying the "headquarters doctrine," found that the plaintiff's

suit was not barred by the FTCA's foreign country exception for a "claim arising in a foreign

country," 28 U.S.C. § 2680(k). *See* 542 U.S. at 702. The Supreme Court reversed the Ninth

Circuit, noting that many tort claims can be "repackaged as headquarters claims based on a

failure to train, a failure to warn, the offering of bad advice, or the adoption of a negligent

policy." *Id.* at 702. Allowing headquarters claims, the Court reasoned, would make the claim a

standard part of FTCA pleading for any action potentially implicating the foreign country

exception. *Id.* at 703. Moreover, in rejecting the headquarters doctrine, the Court found that

Congress likely intended the foreign country exception to reserve sovereign immunity for any

claim for injury or harm occurring in a foreign country. *Id.* at 704-05.

Similarly here, in enacting the FTCA's venue provision, Congress likely intended to limit

venue under the FTCA to a district in which a plaintiff resides or the district most closely

associated with the occurrence of the alleged negligent act or omission. If this Court were to

find that "headquarters claims" were sufficient to establish venue in the District of Columbia,

plaintiffs would routinely assert a "headquarters claim" in FTCA cases any time they wanted to

establish venue in this district.[5] This is precisely what Plaintiffs have attempted here through the

_____

[5] In *Beattie v. United States*, 756 F.2d 91, 100 (D.C. Cir. 1984), *overruled on other grounds by Smith v. United States*, 507 U.S. 197 (1993), the District of Columbia Circuit Court of Appeals found that "headquarters claims," which specifically alleged negligence by officers of the United States occurring in Washington, D.C., could be a basis for venue in the District of Columbia for an FTCA action under 28 U.S.C. § 1402(b). However, the facts in *Beattie* "are so
(continued...)

-16-

new allegations of their FAC.  This Court, "examin[ing] challenges to venue particularly carefully 'to guard against the danger that a plaintiff might manufacture venue in the District of Columbia,'" *Sierra Club*, 276 F. Supp. 2d at 65, quoting *Cameron*, 983 F.2d at 256 (D.C. Cir. 1993), should reject Plaintiffs' transparent attempt to bring a case here which they should have brought elsewhere.

Under the plain language of the statute and all of the precedent in this circuit, venue was only proper where a plaintiff resided or where the act or omission complained of occurred. Accordingly, venue is not proper in the District of Columbia.

## IV.    This Court Should Exercise Its Discretion To Dismiss This Case Rather Than Transfer It To A Court With Proper Venue.

Here, because Plaintiffs, by filing the action in a district patently lacking venue, have engaged in forum shopping of a case likely outside of any federal court's subject matter jurisdiction, this Court should dismiss the case.  The venue statute specifically provides for a remedy when venue is improper.  It states that "[t]he district court of a district in which is filed a

---

[5]/(...continued)
unusual that the case can be readily distinguished." *Boggs v. United States*, 987 F. Supp. 11, 19 (D.D.C. 1997).  In *Beattie,* the Court of Appeals allowed an FTCA action to proceed in the District of Columbia, even though the tort occurred elsewhere and there were no District of Columbia resident plaintiffs.  987 F. Supp. at 19.  Because the plane crash, which was the basis of the suit, occurred in Antarctica, venue could not be established in the place where the acts complained of occurred.  *Id.*  Finding that venue was proper in the District of Columbia, the court noted, "'Congress does not in general intend to create venue gaps, which take away with one hand what Congress has given by way of jurisdictional ground with the other.'"  *Beattie*, 756 F.2d at 104 (quoting *Brunette Machine Works v. Kockum Industries, Inc.*, 406 U.S. 706, 710 n.8 (1972)).  Subsequently, the Supreme Court, overruling *Beattie*, found that the FTCA did not waive the government's sovereign immunity for torts occurring in Antarctica.  *Smith*, 507 U.S. at 201-04.  In any event, the present case does not present any "venue gap" that would justify allowing the suit to proceed in the District of Columbia.  Venue for this action clearly would exist in the District of Puerto Rico.  Finally, the reasoning in *Beattie* regarding "headquarters claims" is contrary to the rationale of the Supreme Court's decision in *Sosa.*

-17-

case laying venue in the wrong division or district shall dismiss, or if it be in the interest of

justice, transfer such case to any district or division in which it could have been brought."  28

U.S.C. § 1406(a).  As originally enacted in 1948, this provision "provided flatly that the district

court 'shall transfer' a case filed in an improper venue."  *See* 14D Wright, Miller & Cooper,

*supra*, § 3827, at 565 (citing Act of May 24, 1949, c. 139, § 81, 63 Stat. 101).  However, in

1949, shortly after enactment, Congress changed Section 1406(a) to provide that where venue

was improper, the district court "shall dismiss" the case; the district court could only transfer the

case to a court with proper venue "if it be in the interest of justice."  *See* 14D Wright, Miller &

Cooper, *supra*, § 3827, at 565.  Congress revised the statute because it became clear that a

provision requiring transfer was unacceptable.  *See id.*  As a Senate Report on the amendment

explained:

> It is thought that this provision may be subject to abuse in that a plaintiff might
> deliberately bring a suit in the wrong division or district where he could get
> service on the defendant, and when the question of venue is raised the court is
> required to transfer the case to the court where it 'could have been brought.'
> However, in the meantime, service has been perfected on a defendant in the
> wrong venue, and it will carry over into the new (and proper) venue.  Rather than
> promote justice, it can be said that this section may be subject to abuse.

1949 U.S. Code Cong. Serv. & Admin. News 1248, 1253.  As the Supreme Court explained, the

purpose of allowing transfer in some circumstances, rather than dismissal, was to avoid "the

injustice which had often resulted to plaintiffs from dismissal of their actions ***merely because

they had made an erroneous guess*** with regard to the existence of ***some elusive fact of the kind

upon which venue provisions often turn***."  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962)

(emphasis added).

Although transfer, rather than dismissal, is a common resolution of cases of improper venue,[6] courts in this district, including this Court, have properly exercised their discretion to dismiss rather than transfer cases in situations showing that the plaintiffs had not simply made a good faith error regarding venue. In *Mikkilineni v. Commonwealth of Pennsylvania*, No. 02-1205, 2003 WL 21854754, at *8 (D.D.C. Aug. 5, 2003) (Urbina, J.), *aff'd*, No. 03-5329 (D.C. Cir. Nov. 22, 2004) (per curiam) (copy attached as U.S. Exh. 1), this Court exercised its discretion to dismiss a case under Section 1406(a) where it appeared that the plaintiff's choice of forum was motivated by forum shopping. The Court noted that the plaintiff did not seek to have his case transferred to a district court with proper venue in Pennsylvania and filed his case in the District of Columbia "hoping to find a more sympathetic judge." *Id.* Accordingly, the Court found that transferring the case to Pennsylvania would not be in the interest of justice. *Id. See also Vanskiver v. Rosotti*, No. 00-2455, 2001 WL 361470, at *2 n.1 (D.D.C. Jan. 31, 2001) (dismissing a case for improper venue and noting that the reason the plaintiffs filed in the District of Columbia rather than in the District of Kansas, where venue was proper, may have been that the District of Kansas had enjoined the plaintiffs from filing any suit against the United States in that district without leave of thecourt). *See generally Prof'l Managers' Ass'n v. United States,* 761 F.2d 740, 744 & n.2 (D.C. Cir. 1985) (discussing Congress' disdain for forum shopping).

It is also a proper exercise of discretion to dismiss a case, rather than transfer it to another court, when there is a substantial question regarding the substantive merits of a claim. In *Naartex Consulting Corp.*, 722 F.2d at 789, the District of Columbia Circuit Court of Appeals

---

[6] As a general matter, courts favor the transfer of a case for improper venue over dismissal. *See El v. Belden*, 360 F. Supp. 2d 90, 93 (D.D.C. 2004); *Capital Bank Int'l Ltd. v. Citigroup, Inc.*, 276 F. Supp. 2d 72, 78 (D.D.C. 2003).

held that a district court did not abuse its discretion by dismissing an action where there were substantive problems with the plaintiff's claims such that the plaintiff could not show that those claims could properly be heard in any federal court. *See also Bartel*, 617 F. Supp. at 199 (finding that dismissal was an appropriate remedy rather than transfer where there was a significant question regarding whether the plaintiff stated a valid FTCA claim).

The circumstances of this case show that Plaintiffs have not made a simple error or erroneous guess about venue, *see Goldlawr*, 369 U.S. at 466; instead, the circumstances show that Plaintiffs have purposefully filed this action in a court of improper venue in an apparent attempt to avoid extremely unfavorable precedent in the most appropriate venue, Puerto Rico. Through the allegations of their FAC, Plaintiffs concede that the law of Puerto Rico would apply to this case. Yet, while Plaintiffs embrace the common and statutory law of Puerto Rico, they are apparently seeking to escape precedential interpretations of the FTCA by the District Court of Puerto Rico and the First Circuit Court of Appeals.

In *Abreu v. United States*, 468 F.3d 20, 25-33 (1st Cir. 2006), the First Circuit found that a district court in Puerto Rico properly dismissed very similar FTCA claims – based upon the same Navy activities that Plaintiffs allege here – because the FTCA's discretionary function exception deprived the court of subject matter jurisdiction. Like Plaintiffs in the instant suit, the plaintiffs in the previous actions "alleged that the Navy's past military exercises and waste disposal activities at the AFWTF had exposed them to hazardous substances," and "sought damages for personal injury [and] emotional distress." *See Abreu*, 468 F.3d at 24. Plaintiffs in the instant case have even alleged that the United States violated federal law by operating an open burning/open detonation facility at the ATWTF without a permit under RCRA, *see* FAC ¶¶ 9-13; though, the Puerto Rico district court squarely rejected an identical claim, and the First

Circuit held that the RCRA violation could not be a basis for tort liability under the FTCA. *Abreu*, 468 F.3d at 29-32 & n.6.  Given the *Abreu* decision – the impact of which seems to have been the sole motivation for bringing the instant action in the District for the District of Columbia – it is doubtful that Plaintiffs can state a valid FTCA claim that is not barred by the FTCA's discretionary function exception.[7]

Finally, Plaintiffs have continued to assert claims against federal agencies and individuals in their FAC, notwithstanding the unassailable lack of jurisdiction against these defendants as shown in the motion to dismiss the Original Complaint.  Needlessly prolonging the exposure of improperly named defendants reflects on the merits of Plaintiffs' claims and their good faith in this litigation.

Thus, because Plaintiffs have engaged in forum shopping and because there is a substantial question whether Plaintiffs can state a valid FTCA claim in any federal court, this Court should, in the sound exercise of its discretion, dismiss this case.  Plaintiffs will undoubtedly argue that this Court should not dismiss the case because any subsequent action will be barred by the FTCA's statute of limitations.  The expiration of the statute of limitations can be one reason to transfer a case rather than dismiss it.  *See Sinclair v. Kleindienst*, 711 F.2d 291, 293-94 (D.C. Cir. 1983) (stating that transfer ***may*** be appropriate when a procedural obstacle such as the statute of limitations impedes an adjudication on the merits); *Simpson*, 496 F. Supp. 2d at 194 (same).

---

[7] In fact, if the case were undoubtedly outside of the subject matter jurisdiction of any federal court, dismissal would be the only appropriate remedy.  *See* 14D Wright, Miller & Cooper, *supra*, § 3827, at 567.

However, the dismissal of an action for improper venue when the statute of limitations has expired is not itself an abuse of discretion. *Cont'l Ins. Co. v. M/V Orsula*, 354 F.3d 603, 608 (7th Cir. 2003) (stating that "dismissal of a cause of action for improper venue under 28 U.S.C. § 1406(a) after the statute of limitations has run does not, on its own, constitute an abuse of discretion").[8/] In particular, courts have found that filing a case in a court of improper venue shortly before the statute of limitations expires may justify dismissal. In *Pedzewick v. Foe*, 963 F.Supp. 48, 51 (D. Mass. 1997), a district court exercised its discretion to dismiss a case for improper venue, rather than transfer it, even though the statute of limitations had expired on any subsequent action. The court explained:

> Although [the plaintiff] commenced this action within the statute of limitations, this Court is troubled by the fact that [the plaintiff] filed on the very last day, in a court that – by no stretch of the imagination – could even arguably exercise personal jurisdiction over these Defendants. . . [T]his Court concludes that transfer in this case would result in an abuse of the judicial system. The transfer statutes were not intended to give plaintiffs an end run around the rules of personal jurisdiction and venue, but rather were intended to facilitate fairness and result in greater convenience to litigants. [*Goldlawr*, 369 U.S. at 466-67.] Fairness and convenience are not furthered by allowing a party purposefully to file in the wrong court, thereby holding open the statute of limitations indefinitely.

---

[8/] Similarly, federal courts have held that it is not an abuse of discretion to deny, as not in the interest of justice, a ***plaintiff's*** motion under Section 1406(a) to transfer a case from an improper forum on the ground that the plaintiff's attorney could reasonably have foreseen that the forum in which the attorney filed was improper. *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993) (citing cases). "These decisions are premised on the notion that a district court acts within its discretion when it finds that the interest of justice is not served by allowing a plaintiff whose attorney committed an obvious error in filing the plaintiff's action in the wrong court, and thereby imposed substantial unnecessary costs on both the defendant and the judicial system, simply to transfer [the] action to the proper court." 991 F.2d at 1201.

963 F. Supp. at 51.[9]  Likewise, in *In re Complaint of Mike's, Inc.*, 317 F.3d 894, 898 (8th Cir. 2003), the Eighth Circuit found, under an identical admiralty transfer statute, that it was not an abuse of discretion to dismiss a case for improper venue, even though the plaintiffs would be precluded from refiling by the statute of limitations.  The court reasoned that the plaintiff had not filed the claim until the last week before the limitations period had run and had failed to advise the court of the limitations problem.  *Id.  See also Dubin v. United States*, 380 F.2d 813, 816 n.5 (5th Cir. 1967) (stating that it is not "in the interest of justice" to aid a non-diligent plaintiff who knowingly files a case in the wrong district by transferring the case under 28 U.S.C. § 1406(a) rather than dismissing it).

Here, Plaintiffs filed their lawsuit in this district in the last week before the statute of limitations expired.  The Department of the Navy sent, by certified mail, a notice of final denial of the administrative claims of Plaintiffs on, or about, March 12, 2007.  *See* U.S. Exh. 2 (Denial Letter).  Plaintiffs filed their Original Complaint in this case on September 5, 2007, just days before the FTCA's six-month statute of limitations expired.  *See* 28 U.S.C. § 2401(b).[10]

_____

[9] In *Pedzewick* the district court found significant the Supreme Court's conclusion in *Goldlawr* that Congress had enacted Section 1406(a) because a plaintiff may make a mistake of venue due to "uncertainties of proper venue," and, therefore, "the interest of justice" may require transfer rather than dismissal so that the plaintiff would not be penalized by "time-consuming and justice-defeating technicalities."  963 F. Supp. at 52, quoting *Goldlawr*, 369 U.S. at 467 (internal quotations omitted).  The court stated, "[t]he negative implication of the *Goldlawr* Court's conclusion is that a court ought deny transfer when a plaintiff fails to exercise proper diligence or does not act in good faith in deciding where to file suit."  963 F. Supp. at 52.

[10] The FTCA contains a two-part limitations provision, and a failure to satisfy either part puts a case outside of the court's subject matter jurisdiction.  First, a claim must be presented to the appropriate Federal Agency "within two years after such claim accrues."  28 U.S.C. § 2401(b).  Second, an action must be brought "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  *Id.*  If this case is dismissed, Plaintiffs will not be able to satisfy the second part of this limitations provision.

Plaintiffs did not effectuate service on the United States until December, three months later. Under these circumstances, any argument that the case should be transferred because of the statute of limitations should carry no weight. As the Seventh Circuit noted in *Continental Insurance*, "[w]hile dismissing the suit because of a mistake that is 'easy to commit' might be 'so disproportionate' a penalty as to constitute an abuse of discretion, the 'proper penalty for obvious mistakes that impose costs on opposing parties and on the judicial system is a heavy one.'" 354 F.3d at 608 (quoting *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986)).

For all of these reasons, the Court should exercise its discretion to dismiss this case.

**V.     If This Court Were To Decide To Transfer The Case, The Court Should Transfer It To The District Of Puerto Rico.**

If the Court were to determine that the interest of justice favors transfer, rather than dismissal, the Court should transfer the case to a district where the case might properly have been brought and which best serves the interest of justice and the convenience of the parties and the witnesses. Where there are multiple districts in which venue may appropriately lie, this Court has considered both private-interest factors and public-interest factors in determining which court should hear the case. *Sierra Club*, 276 F. Supp. 2d at 65 (discussing factors and citing *Trout Unlimited v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996)). Here, these factors weigh heavily in favor of the District of Puerto Rico as the proper transferee district court, if the case is not dismissed. Over ninety percent of the plaintiffs reside in Puerto Rico, and the allegedly negligent conduct occurred in Puerto Rico.[11] Moreover, the district court in

---

[11] Even if a single plaintiff resided in the District of Columbia, or this Court were to find that venue was otherwise proper, the District of Columbia would not be the most appropriate venue for this suit, involving the claims of over 7,000 plaintiffs. In that situation, there would be good grounds for transferring the case pursuant to 28 U.S.C. § 1404(a) (allowing for transfer

(continued...)

the District of Puerto Rico is familiar with the facts and circumstances regarding the Navy's past military exercises and waste disposal activities at the AFWTF, given its adjudication of the *Abreu* case. This case also presents a local controversy, and, given Plaintiffs' allegations, specifically raises issues of Puerto Rico law. Accordingly, the case should have been filed, if at all, in the district court for the District of Puerto Rico. If the Court does not dismiss the case, the Court should transfer it to the District of Puerto Rico.[12/]

**CONCLUSION**

For all of the foregoing reasons, this Court should dismiss this case for improper venue.

Dated: April 11, 2008                    Respectfully submitted,


                                         JEFFREY S. BUCHOLTZ
                                         Acting Assistant Attorney General, Civil Division

                                         C. FREDERICK BECKNER III
                                         Deputy Assistant Attorney General, Civil Division

                                         J. PATRICK GLYNN (D.C. Bar #219162)
                                         Director, Torts Branch, Civil Division

---

[11/](...continued)
"[f]or the convenience of parties and witnesses, in the interest of justice"), and the appropriate venue for transfer would be the District of Puerto Rico.

[12/] If the Court were to transfer the case, in its transfer Order the Court should note that this case is related to the *Abreu* litigation, which was handled by the Hon. Jose Antonio Fuste, Chief U.S. District Judge. This will allow the clerk for the District Court for the District of Puerto Rico to determine whether the transferred matter should be assigned to Judge Fuste under the court's Local Rules which permit specific judicial assignments of related cases to effectuate savings of judicial effort.

_/s/   Adam Bain_

ADAM BAIN (IN Bar #11134-49)
Senior Trial Counsel
MARGARET JANE MAHONEY
Trial Attorney (PA Bar # 24635)
United States Department of Justice
Torts Branch, Civil Division
1331 Pennsylvania Ave., N.W., Room 8016S
Washington, D.C. 20004
Tel:  (202) 616-4209 (Bain)
Fax:  (202) 616-4473
Adam.Bain@usdoj.gov

Attorneys for Defendants

### CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2008, I caused to be served a copy of the Defendants'

Motion to Dismiss For Improper Venue, Memorandum of Points and Authorities, Exhibits and

Proposed Order, through Electronic Case Filing on counsel for plaintiffs at the addresses listed

below.

> John Arthur Eaves, Jr.
> EAVES LAW FIRM
> 101 North State St.
> Jackson, MS 39201
> Telephone: (601) 355-7961
>
> Steven R. Perles
> Edward MacAllistar
> THE PERLES LAW FIRM
> 1146 19th Street, N.W.
> 5th Floor
> Washington, DC 20036
> Telephone: (202) 955-9055

> ____/s/  Adam Bain_____
> ADAM BAIN (IN Bar #11134-49)
> Senior Trial Counsel
> United States Department of Justice
> Torts Branch, Civil Division
> 1331 Pennsylvania Ave., N.W., Room 8016S
> Washington, D.C. 20004
> Tel:  (202) 616-4209
> Fax:  (202) 616-4473
> Adam.Bain@usdoj.gov

-27-

# U.S. EXHIBIT 1

**Sanchez, et al. v. United States, et al.**
**Civil Action No. 1:07-CV-01573 (RMU)**

# Order, Mikkilineni v. Pennsylvania, No. 03-5239
# United States Court of Appeals
# District of Columbia Circuit
# (November 22, 2004)

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 03-5239**                             **September Term, 2004**

                                            **02cv01205**

                                    **Filed On: November 22, 2004**

[861371]

M. R. Mikkilineni,
              Appellant

        v.

Commonwealth of Pennsylvania, et al.,
              Appellees

---

**03-5285**                                 **02cv00702**

M. R. Mikkilineni,
              Appellant

        v.

L. Robert Kimball & Associates, et al.,
              Appellees

**BEFORE:**    Sentelle, Henderson, and Tatel, Circuit Judges

### O R D E R

Upon consideration of the motion for summary affirmance in No. 03-5239 filed by the Borough of Forest Hills; the motions for summary affirmance in Nos. 03-5239 and 03-5285 filed by the United States and L.R. Mecham, Director of the Administrative Office of United States Courts; the combined responses to the three motions; and the replies; the motion for summary reversal in Nos. 03-5239 and 03-5285 (styled "summary remand"), the responses thereto, the reply, and the supplement to the reply; and the motion to strike the U.S. Attorney's reply/response, it is

**ORDERED** that the motion to strike be denied.  It is

**FURTHER ORDERED** that motion for summary reversal in Nos. 03-5239 and 03-5285 be denied and the motions for summary affirmance in Nos. 03-5239 and 03-5285 be granted.  The merits of the parties' positions are so clear as to warrant summary action.

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 03-5239**                                    **September Term, 2004**

See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). In the memorandum opinion and order filed July 24, 2003 in Civil Action No. 02-702, and the memorandum opinion and order filed August 7, 2003 in Civil Action No. 02-1205, the district court properly dismissed the damages claims against the United States based on judicial immunity. See Stump v. Sparkman, 435 U.S. 349 (1978); 28 U.S.C. § 2674. Moreover, the United States' waiver of sovereign immunity under the Federal Tort Claims Act does not extend to constitutional tort claims. See 28 U.S.C. § 1346(b); FDIC v. Meyer, 510 U.S. 471, 475-78 (1994). The claims against Mecham were properly dismissed for lack of subject matter jurisdiction. See Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994). The district court was correct that appellant has not shown a clear and indisputable right to the extraordinary remedy of mandamus, see Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988), or a right to relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. Also, the claims against the Borough of Forest Hills were properly dismissed as barred by the applicable statutes of limitations. It is

**FURTHER ORDERED**, on the court's own motion, that the district court's orders in Civil Action Nos. 02-702 and 02-1205 dismissing the claims against the remaining appellees, be affirmed substantially for the reasons given. The district court did not abuse its discretion in dismissing the claims against Pennsylvania, Pittsburgh, and Glenn Engineering for improper venue. See 28 U.S.C. §§ 1391(b) & 1406(a); Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 & n.17 (D.C. Cir. 1983). In addition, the district court properly held that appellant's claims against L. Robert Kimball & Associates and Gallitzen Borough are barred by the doctrine of res judicata, see Allen v. McCurry, 449 U.S. 90, 94 (1980), and that the "full and final release" signed by the appellant bars the present claims against the National American Insurance Corporation. Finally, the claims against Crady Swisher were correctly dismissed without prejudice in accordance with Federal Rule of Civil Procedure 4(m).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate in Nos. 03-5239 and 03-5285 until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

# U.S. EXHIBIT 2

**Sanchez, et al. v. United States, et al.**
**Civil Action No. 1:07-CV-01573 (RMU)**

## Letter Denying Administrative Claim



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
WASHINGTON NAVY YARD
1322 PATTERSON AVENUE SE SUITE 3000
WASHINGTON DC 20374-5066

IN REPLY REFER TO

5890
Ser 15.151.A1/0193
March 12, 2007

**CERTIFIED MAIL**

L. Breland Hilburn, Esq.
John Arthur Eaves Law Firm
101 North State Street
Jackson, MS 39201

Dear Mr. Hilburn:

SUBJECT: CLAIMS OF VIEQUES RESIDENTS

This notice constitutes final administrative action on your clients' claims submitted for personal injuries and property damages allegedly resulting from the U.S. Navy's operation of the Atlantic Fleet Weapons Training Facility (AFWTF) on the Island of Vieques between the 1940s to the present.

Your clients' claims, whose names are listed on the enclosure to this letter, are denied. The claims were considered under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. In accordance with the FTCA, the United States can only be held liable under limited circumstances where the negligent acts or omissions of United States employees acting within the scope of their employment proximately caused injury. The government's investigation determined that the operations of the training facility did not involve any such negligent acts or omissions, or result in any injury or property damage to the claimants.

I am required by regulation to inform you that if your clients are dissatisfied with the action taken on their claims, they may file suit in an appropriate United States District Court no later than six months from the date of mailing of this letter. By law, failure to comply with that time limit forever bars your clients from further suit. I am not implying that any such suit, if filed, would be successful.

Sincerely,

P. A. LEONARD
Deputy Assistant Judge
Advocate General
(Claims and Tort Litigation)

Enclosure

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____ )
 )
**JUANITA SANCHEZ (ON BEHALF** )
**OF MINOR CHILD DEBORA** )
**RIVERA-SANCHEZ), et al.,** )
 )
   **Plaintiffs,** )
 )
    **v.** )  **Civil Action No.  1:07-cv-01573-RMU**
 )
 )
**UNITED STATES OF AMERICA, et al.,** )  **ECF**
 )
   **Defendants.** )
_____ )

## ORDER

   This matter comes before the Court on the Defendants' Motion to Dismiss the First Amended Complaint.  Based upon the motion, the memoranda of points and authorities, and the entire record herein, it is hereby ORDERED, that the Defendants' Motion is GRANTED.

   It is further ORDERED that JUDGMENT is entered for the DEFENDANTS and this case is HEREBY DISMISSED.

   This is a final appealable order.


Dated _____    _____
               HON. RICARDO M. URBINA
               United States District Judge