# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____ )
JUANITA SANCHEZ (ON BEHALF )
OF MINOR CHILD DEBORA )
RIVERA-SANCHEZ), et al., )
 )
   Plaintiffs, )
 )
    v. )  Civil Action No.  1:07-cv-01573-RMU
 )
 )
UNITED STATES OF AMERICA, et al., ) ECF
 )
   Defendants. )
_____)

## UNITED STATES' REPLY MEMORANDUM OF POINTS AND
## AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF VENUE

## TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.     Plaintiffs' Attempts To Manufacture Venue In The District Of Columbia Through Amendment Of Their Original Complaint Are Relevant To The Disposition Of This Motion . . . . . . . . . . . . . . . . . . . . . . . 2

    II.    Plaintiffs Cannot Establish Venue In The District Of Columbia. . . . . . . . . . 5

          A.     Plaintiffs Have Not Alleged Sufficient Acts Or Omissions Occurring In The District Of Columbia That Would Justify Venue In This District. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

          B.     Plaintiffs Cannot Show That The FTCA's Choice-Of-Law Provision Would Require Application Of District Of Columbia Rules; The FTCA's Choice-Of-Law Rule, As With Its Venue Rule, Points To Puerto Rico. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    III.    This Court Should Deny Plaintiffs' Request For Discovery On Venue . . . . 16

    IV.    This Court Should Exercise Its Discretion To Dismiss This Case Rather Than Transfer It To A Court With Proper Venue . . . . . . . . . . . . . . 19

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

# <u>TABLE OF AUTHORITIES</u>

## <u>FEDERAL CASES</u>

<u>PAGE</u>

*Abreu v. United States*,
    468 F.3d 20 (1st Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 17, 18 19, 22, 23

*Adrian v. United States*,
    No. 04-1721, 2006 WL 763076 (D.D.C. March 13, 2006) . . . . . . . . . . . . . . . . . . . . . . . 9

*Bastin v. Fed. Nat'l Mortgage Ass'n*,
    104 F.3d 1392 (D.C. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Beattie v. United States*,
    756 F.2d 91 (D.C. Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Bell Atlantic Corp. v. Twombly*,
    127 S. Ct. 1955 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Boggs v. United States*,
    987 F. Supp. 11 (D.D.C. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Cameron v. Thornburg*,
    983 F.2d 253 (D.C. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

*Cont'l Ins. Co. v. M/V Orsula*,
    354 F.3d 603 (7th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Dehaemers v. Wynne*,
    522 F. Supp. 2d 240 (D.D.C. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Dominguez v. Fed. Bureau of Prisons*,
    No. 05-2242, 2006 WL 1445041 (D.D.C. May 26, 2006) . . . . . . . . . . . . . . . . . . . . . . . 9

*Donnell v. Nat'l Guard Bureau*,
    568 F. Supp. 93 (D.D.C. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Erum v. County of Kauai*,
    No. 08-00113, 2008 WL 2051543 (D. Haw. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Franz v. United States*,
    591 F. Supp. 374 (D.D.C. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

**PAGE**

*Goldlawr, Inc. v. Heiman*,
    369 U.S. 463 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20

*Griffin v. Oceanic Contractors, Inc.*,
    458 U.S. 564 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hahn v. United States*,
    457 F. Supp. 2d 27 (D.D.C. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hansen v. Neumueller GmbH*,
    163 F.R.D. 471 (D. Del. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Hitchcock v. United States*,
    665 F.2d 354 (D.D.C. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 15

*Kugel v. United States*,
    No. 89-2650, 1990 U.S. Dist. LEXIS 19405 (D.D.C. Apr. 25, 1990) . . . . . . . . . . . . . 11

*Loughlin v. United States*,
    393 F.3d 155 (D.C. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Mahasco Corp. v. Silver*,
    447 U.S. 807 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Mathes v. Geo Group, Inc.*,
    535 F. Supp. 2d 83 (D.D.C. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 19, 20

*Monk v. Sec'y of the Navy*,
    793 F.2d 364 (D.C.Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Naartex Consulting Corp. v. Watt*,
    722 F.2d 779 (D.C. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 19

*Newman-Green, Inc. v. Alfonzo-Larrain*,
    490 U.S. 826 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Office of Personnel Management v. Richmond*,
    496 U.S. 414 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Oppenheimer Fund, Inc. v. Sanders*,
    437 U.S. 340 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**PAGE**

*P & V Enters. v. United States Army Corps of Eng'rs,*
    466 F. Supp. 2d 134 (D.D.C. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Pedzewick v. Foe,*
    963 F.Supp. 48 (D. Mass. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Quarles v. Gen. Inv. & Dev. Co.,*
    260 F. Supp. 2d 1 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Raflo v. United States,*
    157 F. Supp. 2d 1 (D.D.C. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Reuber v. United States,*
    750 F.2d 1039 (D.C. Cir. 1984)
    *overruled on other grounds,* 28 F.3d 1223 (D.C. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . 7

*Rivera-Acevedo v. United States,*
    No. 04-1232, 2005 WL 5610230 (D.P.R. 2005)
    *aff'd* 468 F.3d 20 (1st Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 22

*Romero-Barcelo v. Brown,*
    643 F.2d 835 (1st Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Sierra Club v. Flowers,*
    276 F. Supp. 2d 62 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

*Simpson v. Fed. Bureau of Prisons,*
    496 F. Supp. 2d 187 (D.D.C. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Smith v. Dalton,*
    927 F. Supp. 1 (D.D.C. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Smith v. United States,*
    507 U.S. 197 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Sosa v. Alvarez-Machain,*
    542 U.S. 692 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Starnes v. McGuire,*
    512 F.2d 918 (D.C. Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**PAGE**

*Stern v. Fed. Bureau of Prisons,*
515 F. Supp. 2d 153 (D.D.C. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Stern v. Fed. Bureau of Prisons,*
No. 07-00564, 2007 WL 1555830 (D.D.C. March 22, 2007) . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Gaubert,*
499 U.S. 315 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*United States v. McKeon,*
738 F.2d 26 (2d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Ron Pair Enter. Inc.,*
489 U.S. 235 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines),*
467 U.S. 797 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Wukawitz v. United States,*
170 F. Supp. 2d 1165 (D. Utah 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Zakiya v. United States,*
267 F. Supp. 2d 47 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

**FEDERAL STATUTES**

28 U.S.C. § 1346(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 16

28 U.S.C. § 1359 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. § 1391(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 19

28 U.S.C. § 1391(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

28 U.S.C. § 1402(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4, passim

28 U.S.C. § 1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

28 U.S.C. § 1406(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 19, 20, 24, 25

**PAGE**

28 U.S.C. § 1492 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

28 U.S.C. § 1653 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. § 2401(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

28 U.S.C. § 2509(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

28 U.S.C. § 2675(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

28 U.S.C. § 2680(k) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**FEDERAL RULES**

Fed. R. Civ. P. 11(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Fed. R. Civ. P. 12(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 24

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**MISCELLANEOUS**

14D Charles A. Wright, Arthur R. Miller & Edward H. Cooper,
    *Federal Practice and Procedure* § 3814 (3d ed. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

16 James Wm. Moore et al., *Moore's Federal Practice*,
    § 107.14[2][c][v] (3d ed. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**UNITED STATES' REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF VENUE**

**INTRODUCTION**

Plaintiffs' opposition confirms that venue does not exist in this Court.  Plaintiffs ignore

their original allegations that Puerto Rico supplies the appropriate substantive law because it was

"the place where the negligent acts and omissions occurred;" *see* Orig. Compl. ¶ 16, instead,

they point to the vague and insubstantial allegations in their First Amended Complaint (FAC) –

added shortly after the United States filed its original motion to dismiss – that their alleged

harms were attributable to unspecified "policies" adopted in Washington, DC.  This Court has

stated that it must be particularly careful to guard against attempts to "manufacture venue in the

District of Columbia."  *Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 65 (D.D.C. 2003)(quoting

*Cameron v. Thornburg*, 983 F.2d 253, 256 (D.C. Cir. 1993)).  It is hard to imagine a more

blatant attempt to manufacture venue than Plaintiffs' alteration of their Original Complaint.

Because venue does not properly lie in the District of Columbia, this Court may dismiss the case,

*see* 28 U.S.C. § 1406(a); given Plaintiffs' attempt to create venue, the Court, in its discretion,

should do so.

Even ignoring Plaintiffs' gamesmanship, venue is clearly lacking over Plaintiffs' FAC.

Plaintiffs' primary argument is that the "actual decision making" that resulted in Plaintiffs'

injuries occurred in this district.  Pl. Br. at 11.  Plaintiffs' response, however, ignores their own

complaint, which specifically and repeatedly alleges damages from negligent acts and omissions

***occurring in Puerto Rico*** as a result of the United States Navy's operation of the Atlantic Fleet

Weapons Training Facility (AFWTF) on the Island of Vieques.  FAC ¶¶ 7182, 7183, 7187, 7199,

7200, 7208.  Plaintiffs' response also unsuccessfully seeks to minimize or distinguish controlling

law holding that, under the venue provision in the Federal Tort Claims Act (FTCA), 28 U.S.C. §

1402(b), the proper venue for a case is the place where the government implements its policies, *not* the location of government headquarters where the government makes policy. Accepting Plaintiffs' interpretation of the venue statute would allow virtually any plaintiff to establish venue in the District of Columbia by alleging that some conduct at agency headquarters was connected to the plaintiff's injury.

By any standard, Plaintiffs should have filed this case in the District of Puerto Rico. The reason Plaintiffs failed to do is obvious; it is an attempt to avoid extremely unfavorable precedent in the First Circuit and Puerto Rico. Although Plaintiffs assert that the *Abreu* decision is largely irrelevant to their FAC, that assertion is belied by their attempts to keep this case out of Puerto Rico despite the following facts: virtually all of the plaintiffs reside in Puerto Rico, Puerto Rico substantive law applies, and Plaintiffs are challenging allegedly negligent conduct in Puerto Rico. Plaintiffs' amendment of their Original Complaint to eliminate the allegation that Puerto Rico was "the place where the negligent acts and omissions occurred" only underscores this point. Given these circumstances, the Court should deny any discovery on the venue issue and, through a sound exercise of its discretion, dismiss this case.

## ARGUMENT

**I.     Plaintiffs' Attempts To Manufacture Venue In The District Of Columbia Through Amendment Of Their Original Complaint Are Relevant To The Disposition Of This Motion.**

On a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), the Court should ordinarily draw reasonable inferences in the plaintiff's favor. *See Quarles v. Gen. Inv. & Dev. Co.*, 260 F. Supp. 2d 1, 8 (D.D.C. 2003). As this Court has noted, however, "[i]n this circuit, courts must examine challenges to venue particularly carefully 'to guard against the

danger that a plaintiff might manufacture venue in the District of Columbia.'"  *Sierra Club*, 276 F. Supp. 2d at 65 (quoting *Cameron*, 983 F.2d at 256).  Here, Plaintiffs' alteration of their Original Complaint is relevant to whether Plaintiffs have acted in good faith in bringing this action in the District of Columbia or are attempting to create venue here.

Plaintiffs' Original Complaint failed to contain ***any*** allegations of negligent acts or omissions occurring in the District of Columbia.  Instead, Plaintiffs' Original Complaint focused exclusively on acts or omissions occurring on the Island of Vieques in Puerto Rico.  Plaintiffs alleged:

> (1) the Defendants have occupied over two-thirds of the Island of Vieques and "negligently engaged in training and support activities consisting of utilization of all manners of live fire delivery mechanisms," and, in the course of these activities, the Defendants "used highly toxic and known carcinogenic materials" (Orig. Compl. ¶ 7168);
>
> (2) the Defendants have "conducted support services on the Island of Vieques" along with the live fire training operations and "negligently stored numerous known carcinogenic, hazardous and/or otherwise toxic substances" (*id.* ¶ 7169);
>
> (3) the Defendants have "negligently, recklessly, and/or intentionally exposed the citizens of Vieques to a multitude of toxic substances" (*id.* ¶ 7173);
>
> (4) the Defendants have "stored many toxic compounds on the Island of Vieques" and have "negligently maintained . . . storage facilities and/or [have] intentionally disposed of hazardous material in a manner that constitutes a danger to human life and well being" (*id.* ¶ 7184-7185); and
>
> (5) the Defendants "have been negligent, grossly negligent, and/or reckless in [failing] to monitor the environmental impact of . . . training and storage facilities on the Island of Vieques" (*id.* ¶ 7193).

Only after the United States filed a motion to dismiss Plaintiffs' action for improper venue did Plaintiffs amend their Complaint to include allegations regarding policy-making – including decisions, meetings, and monitoring – that they contend occurred in the District of

Columbia.  FAC ¶¶ 20, 23, 24, 26.  While Plaintiffs repeated their allegations regarding

negligent acts and omissions in Puerto Rico in their FAC, *see id.* ¶¶ 7182, 7183, 7187, 7199,

7200, 7208, Plaintiffs now claim that their new "policy making" allegations make venue proper

in the District of Columbia.  Certainly, it is implausible to conclude that the most proximate

cause of Plaintiffs' injuries was conduct in Washington, DC, as Plaintiffs now argue, when this

conduct was not even mentioned in the Original Complaint.  Plaintiffs clearly added allegations

regarding conduct in the District of Columbia in response to the United States' motion to dismiss

for purposes of justifying venue in this district.

    Significantly, Plaintiffs alleged in their Original Complaint that Puerto Rico was "the

place where the negligent acts and omissions occurred."  Orig. Compl. ¶ 16.  This allegation is

telling because, under the FTCA's venue provision, venue is proper only in "the judicial district

where the plaintiff resides or ***wherein the act or omission complained of occurred***."  28 U.S.C.

§ 1402(b) (emphasis added).  Because none of the Plaintiffs reside in the District of Columbia,

venue could only be appropriate in this district if it were the place where the allegedly negligent

acts or omissions occurred.  Plaintiffs, however, affirmatively alleged in their Original

Complaint that the place of the allegedly negligent acts and omissions was Puerto Rico.

Attempting now to avoid the legal effect of this allegation for purposes of venue, Plaintiffs

simply deleted the allegation in their FAC and, in its place, claimed that the applicable law for

this action would be the law of the District of Columbia.  FAC ¶ 30.

    Generally, an amended complaint supercedes the original complaint.  *See P & V Enters.*

*v. United States Army Corps of Eng'rs*, 466 F. Supp. 2d 134, 135 n.1 (D.D.C. 2006).  Under

certain circumstances, however, a plaintiff's allegations in an original complaint and

modifications to those allegations become relevant to determining an issue in a case.[1/]  As one court aptly remarked, "A party . . . cannot advance one version of the facts in its pleadings, conclude that its interests would be better served by a different version, and amend its pleadings to incorporate that version, safe in the belief that the trier of fact will never learn of the change in stories."  *United States v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984).  Here, the Court can look behind  the allegations of the amended complaint to determine whether Plaintiffs acted in good faith in filing this action in the District of Columbia or are seeking to manufacture venue in this district.  Given the prohibition on "manufacturing venue," Plaintiffs' good faith in amending their Complaint is relevant to whether they have sufficiently alleged venue in this district, whether they are entitled to discovery on venue, and whether the Court should dismiss or transfer this case.

## II.    Plaintiffs Cannot Establish Venue In The District Of Columbia.

In their response, Plaintiffs seek to show that venue is proper in this district because their FAC alleges negligent conduct in the District of Columbia and because the FTCA's choice-of-law provision would require application of District of Columbia choice-of-law rules.  Plaintiffs' arguments, however, erroneously apply controlling law.  Moreover, Plaintiffs can only make

---

[1/] For example, under 28 U.S.C. § 1359, a court can look behind a party's pleadings to determine whether a "plaintiff has impermissibly manufactured diversity [jurisdiction] or used an unacceptable device to defeat diversity."  *See* 16 James Wm. Moore et al., Moore's Federal Practice, § 107.14[2][c][v] at 107-67 (3d ed. 2006).  Under 28 U.S.C. § 1653, a party may not "manufacture jurisdiction" by amending a complaint to change allegations of defective jurisdictional facts.  *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989).  Also, a court may consider the history of litigation, including the amendment of a complaint to add claims citing federal statutes, to determine whether a plaintiff is improperly seeking to "manufacture" federal question jurisdiction.  *See Erum v. County of Kauai*, Civ. No. 08-00113, 2008 WL 2051543, at *2 (D. Haw. 2008).

these arguments by relying upon the new allegations that they added in their FAC.  Even if

Plaintiffs' tactics could be ignored, their FAC still fails to establish venue under the applicable

legal standards.

> **A.    Plaintiffs Have Not Alleged Sufficient Acts Or Omissions Occurring In The District Of Columbia That Would Justify Venue In This District.**

In their response to the motion to dismiss, Plaintiffs focus on their new allegations of

government conduct occurring in the District of Columbia to argue that venue is proper in this

district.  Even if this Court were to find that venue is proper in more than one district based upon

the second clause of the FTCA's venue statute – *i.e.* the district "wherein the act or omission

complained of occurred"[2/] – Plaintiffs' FAC does not allege "sufficient activities giving rise

---

[2/]  Contrary to Plaintiffs' argument, the United States did not contend that "venue can only exist in one courthouse under 28 U.S.C. § 1402(b)."  Pl. Br. at 6.  As we clearly stated in our opening brief, under the FTCA's venue statute, venue may be proper in more than one district **based upon the residence of the plaintiffs** (*see* U.S. Br. at 8); however, under the second clause of the FTCA's venue statute, the only authorities which have specifically addressed the issue have held that "the act or omission complained of" can occur in only one district.  The United States did not merely cite a single case from a Texas district court for this proposition as Plaintiffs claim (Pl. Br. at 6), but cited one of the pre-eminent authorities on federal practice and procedure.  U.S. Br. at 8 (citing 14D Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3814, at 365 (3d ed. 2007)).  Moreover, this interpretation is supported by the plain meaning of the statute which confines venue to "the judicial district . . . wherein the act or omission complained of occurred."  28 U.S.C. § 1402(b).  The plain meaning of a statute "should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'"  *United States v. Ron Pair Enter. Inc.*, 489 U.S. 235, 242 (1984) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982)).

Neither of the District of Columbia cases that Plaintiffs cite (Pl. Br. at 7) specifically held that venue for a case exists in more that one district based upon the second clause of the FTCA's venue statute.  Initially, Plaintiffs cite the discussion in the **concurring opinion** in *Beattie v.United States*, regarding the FTCA's jurisdiction and choice-of-law provisions, not its venue provision.  Pl. Br. at 7 (citing *Beattie v. United States*, 756 F.2d 91, 133 (D.C. Cir. 1984) (Wald J., concurring)).  As we noted in our opening brief, *Beattie* involved a very "unusual" factual

(continued...)

to the plaintiff's cause of action" taking place in the District of Columbia for venue to be proper

in this district.  *See Simpson v. Fed. Bureau of Prisons*, 496 F. Supp. 2d 187, 193 (D.D.C. 2007);

*Hahn v. United States*, 457 F. Supp. 2d 27, 29 (D.D.C. 2006).  Plaintiffs' new allegations

regarding conduct in the District of Columbia are vague and concern government policy-making.

These allegations are not sufficient to give rise to venue in this district because the focus of

Plaintiffs' FAC is not conduct of government officials in the District of Columbia that directly

caused their damages; instead, the focus of Plaintiffs' FAC is conduct that occurred in Puerto

---

[2]/(...continued)
situation "that can be readily distinguished."  U.S. Br. at 16-17 n.5 (quoting *Boggs v. United States*, 987 F. Supp. 11, 19 (D.D.C. 1997)).  Indeed, in interpreting the governing language, the District of Columbia Circuit noted that its interpretation was influenced by the fact that a literal interpretation would completely deny plaintiffs a forum for pursuing their claim because the plane crash occurred in Antarctica.  *See* 756 F.2d at 104.  Yet, the United States Supreme Court ultimately adopted a literal interpretation of the statute in overruling *Beattie*, holding that the FTCA did not waive the government's sovereign immunity for torts occurring in Antarctica.  *See Smith v. United States*, 507 U.S. 197, 201-04 (1993).  Here, given the location of Plaintiffs' residences, Plaintiffs could have filed this case in one of over fifteen judicial districts, yet chose the District of Columbia where none of the plaintiffs reside.

    In *Franz v. United States*, which was also decided before the Supreme Court overruled *Beattie*, a District of Columbia district court implied that venue for a case may be appropriate in more that one district based upon the second clause of 28 U.S.C. § 1402(b).  *Franz v. United States*, 591 F. Supp. 374, 377-78 (D.D.C. 1984).  Finding that venue was appropriate in the District of Columbia, the court reasoned that 28 U.S.C. § 1402(b) should be given a "liberal construction" like the general venue statute, 28 U.S.C. § 1391(b), so that venue would lie "where a substantial portion of the acts or omissions giving rise to the [court] action occurred notwithstanding that venue might also lie in other districts."  591 F. Supp. at 378.  The problem with the *Franz* Court's analysis is that, unlike 28 U.S.C. § 1391(b), the terms of the FTCA, including its venue provision, must be **strictly** construed.  In *Reuber v. United States*, the District of Columbia Circuit noted that the FTCA's venue provision should be strictly construed and stated that "Congress has specified the district in which the act occurred **as the 'only' district**, other than that where the plaintiff resides, where a claim may be brought."  750 F.2d 1039, 1048 (D.C. Cir. 1984) (emphasis added), *overruled on other grounds by Kauffman v. Anglo-American School of Sofia*, 28 F.3d 1223 (D.C. Cir. 1994).

Rico – some of which may have included implementation in Puerto Rico of policies formulated at the Pentagon, in Virginia, and possibly, in the District of Columbia.

While adding contentions regarding policy-making, including decisions, meetings, and monitoring that Plaintiffs contend occurred in the District of Columbia (FAC ¶¶ 20, 23, 24, 26), Plaintiffs' FAC still contains the substantial allegations of negligent conduct occurring on the Island of Vieques in Puerto Rico. Plaintiffs could not delete these allegations because the focus of Plaintiffs' lawsuit is the Navy's operation of the AFWTF on the Island of Vieques. *See* FAC ¶ 4. Plaintiffs allege: negligent training and support activities on the Island of Vieques (*id* ¶ 7182); negligent storage and disposal of hazardous chemicals on the Island of Vieques (*id.* ¶¶ 8, 7183); negligent maintenance of storage facilities on the Island of Vieques (*id.* ¶¶ 7199-7200); and negligent monitoring of the environmental impact of training and storage facilities on the Island of Vieques (*id.* ¶ 7208). Plaintiffs' response completely ignores these allegations and concentrates exclusively on the new allegations in their FAC regarding alleged government conduct in the District of Columbia. Even accepting these new allegations at face value, these allegations involve conduct at the policy level. Any relevant decisions made in the District of Columbia regarding the ATWFT were certainly implemented in Puerto Rico.

The United States cited substantial case law in its opening brief holding that allegations regarding policy-level decisions that were made in the District of Columbia and implemented elsewhere are not sufficient to establish venue in this district under the FTCA's venue statute. *See* U.S. Br. at 13-16. Plaintiffs fail to show why this law is not controlling. With respect to *Zakiya v. United States*, 267 F. Supp. 2d 47 (D.D.C. 2003), which is directly on point, Plaintiffs merely assert that they are challenging "decisions by government actors specifically about

Vieques that caused their injuries, not national policies." Pl. Br. at 9-10. However, *Zakiya* stands for the broader proposition that where allegations concern policy-level decisions that were made in the District of Columbia, but implemented elsewhere, the proper venue for the FTCA action is the district where the implementation occurred, not the District of Columbia. 267 F. Supp. 2d 58-59 (finding plaintiff's challenge an "attack on the implementation of [the] policy to his particular situation" so that venue was not appropriate in the District of Columbia). Plaintiffs do not explain why the fact that a policy-level decision affected an operation located at a particular site should make any difference for purposes of venue.

Moreover, Plaintiffs do not even attempt to distinguish other cases reaching the same result as *Zakiya*. In particular, in *Adrian v. United States*, No. 04-1721, 2006 WL 763076, at *1 (D.D.C. March 13, 2006), this Court held that there was no venue in the District of Columbia because the specifically complained of conduct occurred in Louisiana, even though plaintiff also claimed that "all actions and activities of the named Defendant were sanctioned, approved, or ratified by FBI headquarters in Washington, DC."[3] Plaintiffs essentially make the same type of claims here. Plaintiffs seek to trace the operations at the AFWTF – conduct that is the true focus of the FAC – back to the District of Columbia by alleging that certain policy-level decisions regarding the AFWTF were made, or would have been made, by agency officials at agency headquarters.

---

[3] *See also  Stern v. Fed. Bureau of Prisons*, No. 07-00564, 2007 WL 1555830, at *2 (D.D.C. March 22, 2007) (finding that because the implementation of a national Bureau of Prisons policy occurred at a federal prison in Jesup, Georgia, venue was appropriate in the Southern District of Georgia not in the District of Columbia); *Dominguez v. Fed. Bureau of Prisons*, No. 05-2242, 2006 WL 1445041, at *4 (D.D.C. May 26, 2006) (same holding transferring a case to the Eastern District of North Carolina).

Plaintiffs attempt to distinguish cases as holding only that mere allegations regarding the physical location of agency headquarters are insufficient to establish venue in the District of Columbia.  Pl. Br. at 9, 13, 15.  This is unavailing.  As explained above and in our motion to dismiss, these cases, and the other cases that we cited, demonstrate a broader concern for interpretation of the FTCA's venue statute – allegations regarding policy-making in the District of Columbia that is implemented elsewhere fail to establish venue in this district.  Such holdings make good sense.   Because many federal agencies have their headquarters in the District of Columbia, an artful pleader could seek to establish venue in this district for virtually any FTCA action by alleging that some negligent act or omission occurred at the headquarters office – most readily through reference to some agency policy-level decision that allegedly led ultimately to the plaintiff's injury.  *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 702-03 (2004) (recognizing the same danger for headquarters claims to circumvent the FTCA's foreign country exception).[4]

---

[4]  In footnote 3 of their brief, Plaintiffs claim that the headquarters doctrine survives *Sosa*, and that *Sosa* merely required that an act or omission at headquarters be "sufficiently close to the ultimate injury."  Pl. Br. at 15 n.3.  In fact, this is the "proximate causation" component of headquarters doctrine that the Supreme Court ***explicitly rejected*** in *Sosa* as a test for determining where a claim arose for purposes of the FTCA's foreign country exception.  542 U.S. at 704-05.  The Court stated:

> Not only does domestic proximate causation under the headquarters doctrine fail to eliminate application of the foreign country exception, but there is good reason to think that Congress understood a claim "arising in" a foreign country in such a way as to bar application of the headquarters doctrine.  There is good reason, that is, to conclude that Congress understood a claim "arising in a foreign country" to be a claim for injury or harm occurring in a foreign country. 28 U.S.C. § 2680(k).

*Id.* at 705.  Thus, contrary to Plaintiffs' statement, the headquarters doctrine did not survive *Sosa* at all.  Moreover, *Sosa* directly undermines any headquarters doctrine for venue because the reasoning of *Sosa* shows that Congress did not intend to allow claimants to circumvent provisions of the FTCA through creative pleading.

The few cases that Plaintiffs cite to support their position are easily distinguishable because plaintiffs there were not challenging policies in the District of Columbia that government officials implemented elsewhere, but were instead specifically challenging distinct conduct of officials in the District that they claimed directly caused their injuries.  In *Hitchcock v. United States*, 665 F.2d 354, 359 (D.D.C. 1981), the District of Columbia Circuit analyzed where the act or omission occurred for purposes of the FTCA's ***choice-of-law provision***.[5] Further, because plaintiffs specifically alleged that the United States was negligent in training a nurse for a vaccination program, the court held that the alleged negligent act or omission occurred in the District of Columbia where the training took place, even though the nurse administered the vaccine in Virginia.  *Id.* at 359-60.  Likewise, in *Kugel v. United States*, No. 89-2650, 1990 U.S. Dist. LEXIS 19405, at *1-3 (D.D.C. Apr.  25, 1990), plaintiff specifically challenged the FBI's approval, with recommendations, of an investigation into plaintiff's business practices which plaintiff claimed directly injured his business.  In *Franz v. United States*, 591 F. Supp. 374, 378 (D.D.C. 1984), plaintiffs specifically challenged a decision of the Department of Justice to place children into the witness protection program which prevented their father from visiting them.[6]

In contrast to the specific allegations of distinct government conduct in the District of Columbia in these cases, Plaintiffs here make broad allegations regarding general policy-making

---

[5] As explained in Section II. B. *infra*, a choice-of law analysis points to Puerto Rico.

[6]  Two other cases that plaintiffs cite (Pl. Br. at 14) were not FTCA actions and, consequently did not involve the FTCA's venue statute.  In *Stern v. Fed. Bureau of Prisons*, 515 F. Supp. 2d 153, 156 (D.D.C. 2007), plaintiff made a purely legal challenge to the Bureau of Prisons' authority to promulgate a regulation; the court found that transfer from this District was not appropriate under 28 U.S.C. § 1404(a).  Likewise, *Starnes v. McGuire*, 512 F.2d 918, 929 (D.C. Cir. 1974), involved the most appropriate venue under 28 U.S.C. § 1404(a) for prisoner declaratory judgment actions regarding Bureau of Prison policies.

activities in this district which they claim are related to operations of the AFWTF.  Indeed,

Plaintiffs' allegations of conduct in this district are based primarily on assumptions and not on

specific instances of government conduct.  For example, Plaintiffs claim in the FAC that "some

of the decisions" regarding the AFWTF "*would have been* authorized or issued from

Washington, DC" (FAC ¶ 20 (emphasis added)), and that various federal agencies "*would have*

*or should have* come together in Washington DC from time-to-time to create policy" regarding

the AFWTF.  FAC ¶ 23 (emphasis added).  In their response, Plaintiffs state that "[i]t is

*reasonable to assume* that top levels of the U.S. government were involved in all of the

important decisions related to training and testing programs at Vieques."  Pl. Br. at 11 (emphasis

added).  Plaintiffs must allege facts, not assumptions.  *See Bell Atlantic Corp. v. Twombly*, 127 S.

Ct. 1955, 1974 (2007) (holding that to withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss,

plaintiffs must allege "*enough facts* to state a claim to relief that is plausible on its face")

(emphasis added).  Plaintiffs' general suppositions of government conduct in the District of

Columbia cannot be sufficient to establish venue in this district, particularly when it is clear that

Plaintiffs are really challenging alleged acts and omissions in Puerto Rico.[7/]

---

[7/]  Plaintiffs focus on federal officials and agencies without any specific allegations of conduct occurring in the District of Columbia.  Some of the officials and agencies are not even located in the District of Columbia.  Although carrying a District of Columbia mailing address, the Department of Defense and the Department of Navy are physically located at the Pentagon in Arlington, Virginia for purposes of venue. *See Monk v. Sec'y of the Navy*, 793 F.2d 364, 369 n.1 (D.C.Cir. 1986) (holding that the Pentagon is in Virginia, not in the District of Columbia) *Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 247 (D.D.C. 2007) (finding that Pentagon is located in Arlington, Virginia for purposes of venue despite Washington, DC address); *Donnell v. Nat'l Guard Bureau*, 568 F. Supp. 93, 94-95 (D.D.C. 1983) (same).  Likely for this reason, Plaintiffs have claimed in their FAC – albeit with no concrete factual allegation – that other federal agencies are implicated in decisions regarding the AFWTF on Vieques, namely the Environmental Protection Agency (EPA), the Department of Health and Human Services, and the Department of Interior.  *See* FAC ¶ 23.

Finally, Plaintiffs argue that venue is proper in this district because courts have allowed the Secretary of the Navy to be sued in the District of Columbia as he performs a significant amount of his duties there.  Pl. Br. at 12 (quoting *Smith v. Dalton*, 927 F. Supp. 1, 6 (D.D.C. 1996)).  However, venue for actions against the Secretary of Navy is determined under a completely different venue statute, 28 U.S.C. § 1391(e), which provides that venue for a suit against a federal official is appropriate in the district in which the officer "resides."[8]  Moreover, the Secretary of Navy is not even a proper defendant in this suit; and, on May 9, 2008, Plaintiffs voluntarily dismissed him from this action.

In sum, because Plaintiffs have failed to allege sufficient conduct occurring in the District of Columbia for it to be the place "wherein the complained of act or omission occurred," venue is not proper in this district.[9]

---

[8]  This provision is much broader than the FTCA venue statute; it allows a federal official to "reside" in more than one district, depending upon where the official conducts business, even if that district is otherwise unrelated to the cause of action.  *See Smith v. Dalton*, 927 F. Supp. 1, 6 (D.D.C. 1996).

[9]  Plaintiffs argue that there is a strong presumption in favor of a plaintiff's choice of forum, (Pl. Br. at 5, 7, 26), but this presumption applies only if the plaintiff has chosen an appropriate venue under the venue statute.  *See Mathes v. Geo Group, Inc.*, 535 F. Supp. 2d 83, 86-87 (D.D.C. 2008).  Plaintiffs also argue that the District of Columbia is the most convenient forum for the efficient conduct of the lawsuit.  Pl. Br. at 15-16.  As with the presumption in favor of a plaintiff's choice of forum, a court cannot base venue on considerations of efficiency, if the venue is not permissible under the law.  Although the United States has not briefed the issue at this time, it is hard to imagine that any venue would be more convenient and efficient than the district of Puerto Rico where over six thousand and nine hundred of the Plaintiffs reside, *see* FAC ¶¶ 34-7156, and where the AFWTF was located.  If the District of Columbia were a proper venue under 28 U.S.C. § 1402(b), it would still be appropriate to transfer the case to Puerto Rico under 28 U.S.C. § 1404(a).

**B.    Plaintiffs Cannot Show That The FTCA's Choice-Of-Law Provision Would Require Application Of District Of Columbia Rules; The FTCA's Choice-Of-Law Rule, As With Its Venue Rule, Points To Puerto Rico.**

The United States agrees with Plaintiffs' statements that the FTCA's venue provision should be interpreted consistently with its choice-of-law provision. Pl. Br. at 7-8. Indeed, the United States made this argument in its opening brief. *See* U.S. Br. at 10. The United States disagrees, however, with Plaintiffs' conclusion that the FTCA choice-of-law provision, 28 U.S.C. § 1346(b), would apply the District of Columbia's choice-of-law rules to determine the applicable substantive law. Pl. Br. at 16-19. Plaintiffs contend that their FTCA suit alleges a multi-state tort action with multiple acts or omissions occurring in two districts, and, in such a situation, the Court should apply District of Columbia choice-of-law rules, which would point to Puerto Rico substantive law. *Id.* Plaintiffs argue that this is consistent with the allegations of their FAC, which contend that the United States "would be liable in accord with the law of the District of Columbia" (FAC ¶ 30), but also allege that Puerto Rican law applies to each substantive count of their Complaint. *See id.* ¶¶ 7181-7239.

For the reasons given above, Plaintiffs' action does not truly allege a multi-state tort action because the real focus of the FAC is conduct in Puerto Rico, and Plaintiffs only added vague allegation of negligent conduct in the District of Columbia to manufacture venue here. Even if the Court were to construe Plaintiffs' FAC as a multi-state tort action, however, District of Columbia choice-of-law rules would not apply. In *Raflo v. United States*, 157 F. Supp. 2d 1 (D.D.C. 2001), which Plaintiffs cite (Pl. Br. at 17-18), this Court clearly held that for a multi-state tort action the court should apply the choice-of-law provision of the jurisdiction where the "***most substantial portion***" of the conduct occurred. 157 F. Supp. 2d at 10 (emphasis added).

The Court relied upon the rule of *Hitchcock*, 665 F.2d at 359, that for a multi-state tort action under the FTCA, the Court should apply the choice-of-law rule of the place where the "relevant" act or omission occurred. 157 F. Supp. 2d at 9. The *Raflo* Court, however, stated that:

> given that there is no clear guidance articulated by *Hitchcock* regarding the proper standard to follow when relevant acts or omissions occur in more than one jurisdiction, it seems prudent to elect the choice of law provision belonging to the place **where the most substantial portion of the acts or omissions occurred**.

157 F. Supp. 2d at 10 (emphasis added). The Court ultimately applied Virginia's choice-of-law rule rather than that of the District of Columbia. *Id.* The Court found that significant acts or omissions occurred in Virginia including "alleged negligent implementation and maintenance of adequate [medical] procedures." *Id.* Noting that the plaintiff had also alleged negligence occurring in the District of Columbia, including alleged negligent treatment of the plaintiff's condition, the Court concluded that Virginia choice-of-law rules applied because "a greater portion of the allegedly negligent acts and/or omissions occurred in Virginia than occurred in the District of Columbia." *Id.*

Here, even accepting the new allegations in Plaintiffs' FAC at face value, the greater and most substantial portion of the allegedly negligent acts or omissions occurred in Puerto Rico on the Island of Vieques. Plaintiffs' allegations in their FAC regarding policy-making, including, decisions, meetings, and monitoring that they contend occurred in the District of Columbia (FAC ¶¶ 20, 23, 24, 26), cannot overshadow Plaintiffs' many other allegations of acts or omissions which they contend occurred in Puerto Rico. As mentioned previously, these allegations include negligent training and support activities on the Island of Vieques (*id* ¶ 7182); negligent storage and disposal of hazardous chemicals on the Island of Vieques (*id.* ¶¶ 8, 7183); negligent maintenance of storage facilities on the Island of Vieques (*id.* ¶¶ 7199-7200); and negligent

monitoring of the environmental impact of training and storage facilities on the Island of Vieques (*id.* ¶ 7208).  Thus, even under a multi-state tort analysis, this Court would apply Puerto Rico's choice-of-law rules as the "law of the place where the act or omission occurred" under 28 U.S.C. § 1346(b).  Plaintiffs have conceded as much by specifically alleging in their Original Complaint that Puerto Rico was "the place where the negligent acts and omissions occurred." Orig. Compl. ¶ 16.

In short, because Puerto Rico law would apply to this case because it is the "place where the act or omission occurred" under 28 U.S.C. § 1346(b), Puerto Rico would also be the appropriate venue for this action under the second clause of the FTCA's venue statute because it is the district "wherein the act or omission complained of occurred."  28 U.S.C. § 1402(b).

## III.    This Court Should Deny Plaintiffs' Request For Discovery On Venue.

Plaintiffs argue that they are entitled to discovery on venue if the Court finds that their allegations are insufficient to establish venue in the District of Columbia.  Pl. Br. at 20. Plaintiffs make no representations regarding what specific discovery they would seek regarding venue, but merely claim that the United States has "exclusive possession of facts regarding the participation and responsibility of various government officials and agencies over Vieques . . . ." Pl. Br. at 20.   While this Court has discretion to permit or deny discovery on preliminary matters such as jurisdiction and venue, *see, e.g.*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978); *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 788 (D.C. Cir. 1983), this Court should deny Plaintiffs' request for discovery here.  The detailed allegations of Plaintiffs' FAC show that venue is proper in Puerto Rico or in several other jurisdictions where plaintiffs reside.  No discovery is necessary to establish venue.  Even accepting Plaintiffs'

allegations regarding conduct in the District of Columbia at face value, as we explained above, they do not establish venue in this district because they only involve policy-making that was implemented in Puerto Rico.

If Plaintiffs' argument is that, with discovery, they could have made additional allegations regarding conduct in the District of Columbia to justify venue here, the court should be wary of allowing discovery on such a preliminary matter when basic fact-finding regarding the matter should have preceded the filing of the Complaint. *See Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. 1995) (stating, with respect to request for discovery on personal jurisdiction, that "courts are wary of allowing discovery absent *some* showing of personal jurisdictional facts . . . because basic fact-finding should precede discovery") (emphasis original). Under Rule 11 of the Federal Rules of Civil Procedure, an attorney must make a reasonable inquiry before filing a Complaint. Fed. R. Civ. P. 11(b).

Plaintiffs argue that the United States has exclusive possession of facts regarding the responsibilities of various government officials for the AFWTF operations at Vieques. Pl. Br. at 20. Yet, extensive information regarding Navy operations at the AFWTF is publicly available. The Navy's operations at the AFWTF have been the subject of litigation in several previous lawsuits, going back over twenty years. *See*, *e.g.*, *Abreu v. United States*, 468 F.3d 20 (1st Cir. 2006); *Romero-Barcelo v. Brown*, 643 F.2d 835 (1st Cir. 1986). Indeed, substantial information regarding the Navy's operations at the AFWTF, and environmental investigations there, is in the public domain. The Navy and the EPA have websites containing most, if not all, of the potentially relevant documents pertaining to the history of environmental compliance by the

Navy at Vieques.[10/]  Also, EPA maintains repositories of potentially relevant documents in New York and San Juan, and there is a repository of such documents at the public library on Vieques. In *Rivera-Acevedo v. United States*, No. Civ. 04-1232 (JAF), 2005 WL 5610230 (D.P.R. 2005), *aff'd sub nom. Abreu v. United States*, 468 F.3d 20 (1st Cir. 2006), plaintiffs requested discovery regarding application of the discretionary function exception to claims alleging negligent acts and omissions with respect to the Navy's operations of the AFWTF.  The court denied discovery, finding, among other things, "[i]n light of the extensive information available in the public domain relating to the Navy's mission on Vieques over the past several decades, this court concludes that additional discovery would do very little, if anything, to further enlighten the question of subject matter jurisdiction . . . ."  2005 WL 5610230, at *7.

Plaintiffs' actions show that their request for discovery is nothing more than a fishing expedition for evidence to support their efforts to manufacture venue in the District of Columbia. Given these circumstances, the Court should exercise its discretion to deny Plaintiffs' request for discovery.  *See Bastin v. Fed. Nat'l Mortgage Ass'n*, 104 F.3d 1392, 1396 (D.C. Cir. 1997) (finding that district court does not abuse its discretion when it denies a discovery request that would amount to nothing more than a fishing expedition).

---

[10/]  *See*, *e.g.*, http://public.lantops-ir.org/sites/public/vieques/default.aspx (Navy website regarding environmental investigations related to Navy operations on the Island of Vieques); http://www.epa.gov/region02/vieques/ (EPA website regarding environmental work on the Island of Vieques); http://www.atsdr.cdc.gov/sites/vieques/vieques.html (Agency for Toxic Substances and Disease Registry website relating to Navy operations on the Island of Vieques).

**IV.    This Court Should Exercise Its Discretion To Dismiss This Case Rather Than Transfer It To A Court With Proper Venue.**

In their response, Plaintiffs argue that it would be in the "interest of justice" to transfer this case rather than dismiss it.  Pl. Br. at 21.  While courts generally favor transfer, dismissal is appropriate when the plaintiff has not simply made a good faith error regarding venue, but rather is abusing the system.  Here, Plaintiffs could have filed this action in one of many districts with proper venue.  Venue was obviously appropriate in Puerto Rico – the district where other plaintiffs had filed the *Abreu* case without any challenge to venue; the district where over ninety-five percent of the plaintiffs for this action reside; and the district supplying the substantive law for this case.  Plaintiffs could have also filed this action in several other jurisdictions where plaintiffs reside.  Yet, Plaintiffs purposefully filed in the District of Columbia, a district without venue for this action.

Initially, Plaintiffs argue that the Supreme Court's decision in *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962) shows that 28 U.S.C. § 1406(a) requires transferring cases to the appropriate judicial district rather than dismissing them.  Pl. Br. at 21 (quoting *Mathes v. Geo Group, Inc.*, 535 F. Supp. 2d 83, 86-87 (D.D.C. 2008)).  In *Mathes,* this Court recognized that under 28 U.S.C. § 1406(a), the decision whether to dismiss a case or transfer it "is committed to the sound discretion of the district court." 535 F. Supp. 2d at 86 (citing *Naartex Consulting Corp.*, 722 F.2d at 789).  The Court cited *Goldlaw*r for the proposition that the interest of justice "generally" requires transfer.  However, in *Mathes*, the plaintiff prisoners had a good faith basis for filing their action in the District of Columbia under 28 U.S.C. § 1391(b):  the plaintiff prisoners had been sentenced in the district, two of the plaintiffs resided in the district, and two of the three defendants were located in the district.  535 F. Supp. 2d at 87-88.

-19-

By contrast, if there is ***not*** a good faith basis for filing this case in the District of Columbia under the applicable venue statute for an FTCA action, 28 U.S.C. § 1402(b), *Goldlawr* suggests that there should be a presumption in favor of dismissal.  There, the Supreme Court concluded that Congress had enacted Section 1406(a) because a plaintiff may make a mistake of venue due to "uncertainties of proper venue," and, therefore, "the interest of justice" may require transfer rather than dismissal so that the plaintiff would not be penalized by "time-consuming and justice-defeating technicalities." *Goldlawr*, 369 U.S. at 467 (internal quotations omitted). Thus, "[t]he negative implication of the *Goldlawr* Court's conclusion is that a court ought deny transfer when a plaintiff fails to exercise proper diligence or does not act in good faith in deciding where to file suit." *Pedzewick v. Foe*, 963 F.Supp. 48, 52 (D. Mass. 1997).

Here, the circumstances show that Plaintiffs did not act in good faith in filing this action at the last minute in the District of Columbia.  In their Original Complaint, Plaintiffs cited the applicable venue statute for a case brought under the FTCA, 28 U.S.C. § 1402(b).  *See* Orig. Compl. ¶ 19.  Accordingly, Plaintiffs were aware that venue for this action was only appropriate in "the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."  28 U.S.C. § 1402(b).  Plaintiffs affirmatively alleged the residence of each plaintiff and none of them resided in this district.  Orig. Compl. ¶¶ 21-7142.  Moreover, Plaintiffs affirmatively alleged that Puerto Rico was "the place where the negligent acts and omissions occurred."  *Id.* ¶ 16.  Finally, in their Original Complaint, Plaintiffs did not allege ***any*** conduct occurring in the District of Columbia.  Given these allegations in their Original Complaint, Plaintiffs cannot claim that they simply made a mistake of venue due to the uncertainties of venue.

-20-

Moreover, Plaintiffs' subsequent actions in this litigation have only compounded their error, demonstrating that they are not acting in good faith. When confronted with the United States' motion to dismiss the Original Complaint, Plaintiffs did not seek to have the case transferred to the district of Puerto Rico or any other district with proper venue. Instead, Plaintiffs added allegations of conduct that they claimed occurred in the District of Columbia in an attempt to manufacture venue in this district. Plaintiffs' new allegations are vague; are based upon assumption rather than reasonable inquiry; and more likely involve conduct at the Pentagon, in Virginia, than in the District of Columbia.

By claiming that the cases involved unique facts, Plaintiffs attempt to distinguish two cases in which a court decided to dismiss, rather than transfer, a case where venue was improper. Pl. Br. at 27-28. Although each of these cases may have had circumstances somewhat more egregious than those present here, they share indicia of bad faith, including forum shopping. Moreover, Plaintiffs do not even discuss several other cases that the United States cited in which courts exercised their discretion to dismiss, rather than transfer, a case for improper venue. *See* U.S. Br. as 22-23.

Plaintiffs also argue that they are not engaging in forum shopping – seeking to avoid unfavorable precedent in the First Circuit and the District of Puerto Rico through filing their action in the District of Columbia. Pl. Br. at 23-24. Plaintiffs contend that the same body of substantive law would apply to the case irrespective of Plaintiffs' decision to file in Puerto Rico or in the District of Columbia. Pl. Br. at 23. This argument ignores the fact that the First Circuit's decision in *Abreu v. United States*, 468 F.3d 20 (1st Cir. 2006), is binding precedent in the District of Puerto Rico, but does not carry the same precedential effect in this Court.

Consequently, Plaintiffs' argument that the same state substantive law would apply in any federal venue under the FTCA (Pl. Br. at 23), misses the point.  Because federal law, not state law, controls application of the discretionary function exception – and interpretation of the exception can vary among the federal circuits – Plaintiffs' argument, if adopted, would create an incentive for FTCA plaintiffs to forum shop for a venue that they perceive to be friendly to their claims.

Moreover, contrary to Plaintiffs' assertion (Pl. Br. at 24), the discretionary function exception holdings in the *Abreu* litigation were not "extremely narrow" and "only relevant to the few allegations" in that case.  In fact, *Abreu* is broad in its application to claims challenging military activities on Vieques.  The district court, in finding that the discretionary function exception applied, stated:

> there can be little question that the military activities carried out by the Navy on Vieques over the past several decades have involved discretionary decision-making of the most fundamental kind.  Clearly, the government's mission on Vieques, at all times, required balancing competing concerns of secrecy and safety, national security and public health.

*Rivera-Acevedo*, 2005 WL 5610230, at *4.  This statement would be equally applicable to all of Plaintiffs' claims in this case.  Plaintiffs have also asserted that they have alleged violations of several laws that were not at issue in *Abreu* (Pl. Br. at 24-25), yet the *Rivera-Acevedo* Court stated that "violation of a federal law or regulation in some general sense is insufficient to avoid discretionary function immunity.  The law or directive allegedly violated must be so specific and mandatory that there is no room for judgment or choice on the part of the government actor involved."  2005 WL 5610230, at *4.  The First Circuit affirmed this decision, creating

extremely unfavorable precedent in that circuit for any litigant seeking to bring an FTCA claim arising out of the Navy's operations on Vieques. *Abreu*, 468 F.3d 20.

Plaintiffs also argue that their FAC asserts many claims that were not asserted in *Abreu*. Pl. Br. at 3-4, 24-26. As with the allegations that Plaintiffs rely upon to argue that venue is appropriate in this district, however, many of the allegations supporting these "distinct" claims were not alleged in Plaintiffs' Original Complaint. For example, Plaintiffs have asserted for the first time in their FAC many allegations to support a failure to warn claim. *See* FAC ¶¶ 14, 16, 19. Even accepting Plaintiffs' new allegations at face value, in seeking to tie the government's allegedly negligent conduct to government officials at agency headquarters for purposes of establishing venue in the District of Columbia, Plaintiffs have made even clearer that the discretionary function exception bars their claims. The Supreme Court has stated that "the purpose of the exception is to 'prevent judicial "second-guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.'" *United States v. Gaubert*, 499 U.S. 315, 323 (1991) (quoting *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814 (1984)). Consequently, as Plaintiffs expressly implicate government policy-makers in alleged negligent conduct, they demonstrate why their claims are barred; the exception applies to discretionary governmental conduct that is susceptible to policy analysis. *See Gaubert*, 499 U.S. at 322-23; *Loughlin v. United States*, 393 F.3d 155, 164-65 (D.C. Cir. 2004).

Plaintiffs argue that the interest of justice "weighs heavily" in favor of transferring the case, rather than dismissing it, because the statute of limitations has expired since the time that Plaintiffs filed this action. Pl. Br. at 21. The dismissal of an action for improper venue when the

statute of limitations has expired is not itself an abuse of discretion. *Cont'l Ins. Co. v. M/V Orsula*, 354 F.3d 603, 608 (7th Cir. 2003) (stating that "dismissal of a cause of action for improper venue under 28 U.S.C. § 1406(a) after the statute of limitations has run does not, on its own, constitute an abuse of discretion"). Indeed, this is a dilemma of Plaintiffs' own making. By filing their Complaint in a district clearly lacking venue, shortly before the statute of limitations expired, Plaintiffs assumed the risk that their case would be dismissed. As we showed in the Opening Brief, courts have found that filing a case in a court of improper venue shortly before the statute of limitations expires may justify dismissal. U.S. Br. at 22-23.

Plaintiffs contend that because the relevant statute of limitations is only six months following the denial of their claims, the statute of limitations would have expired before a ruling on the United States Rule 12(b)(3) motion. Pl. Br. 22. However, had Plaintiffs filed and served their case promptly, they certainly could have voluntarily dismissed the case and timely re-filed it in a court of proper venue in response to the United States' motion. Moreover, most, if not all, of Plaintiffs' administrative claims had been pending for several years – most having been received by the Navy in 2000 and 2001 – giving Plaintiffs the right to file their action long before the expiration of the statutory period. *See* 28 U.S.C. §§ 2401(b), 2675(a) (while a plaintiff must file an action within six months of a final agency denial of a claim, a plaintiff may file an action after allowing the agency six months to consider the claim without disposition).

Finally, Plaintiffs claim that dismissal of this case will deprive 7,125 citizens of their right to a day in court. Pl. Br. at 21-22. However, this is not necessarily the case.[11] Moreover,

---

[11] Congress has reserved the power to address claims that cannot be remedied through statutory authority. "Through 'congressional reference' cases, Congress can refer proposed

(continued...)

the Court serves the broader "interests of justice" by dismissing this case. A dismissal will faithfully adhere to Congressional intent in both the FTCA's venue statute and the general venue defect provision, 28 U.S.C. § 1406(a); Congress clearly did not intend to allow plaintiffs purposefully to file actions in districts lacking venue, hoping for some strategic advantage, without suffering any adverse consequence. Significantly, dismissal of this case will be a strong deterrent to any future attempts to manufacture venue in the District of Columbia. As the Supreme Court has stated "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mahasco Corp. v. Silver*, 447 U.S. 807, 826 (1980).

## CONCLUSION

For all of the foregoing reasons, this Court should dismiss this case for improper venue.


Dated: May 30, 2008                    Respectfully submitted,


                                       GREGORY G. KATSAS
                                       Acting Assistant Attorney General, Civil Division

                                       C. FREDERICK BECKNER III
                                       Deputy Assistant Attorney General, Civil Division

---

[11]/(...continued)
private bills to the United States Claims Court [currently United States Court of Federal Claims] for the determination of the merits of the claim, retaining final authority over the ultimate appropriation." *Office of Personnel Management v. Richmond*, 496 U.S. 414, 431 (1990) 496 U.S. at 431 (citing 28 U.S.C. §§ 1492, 2509(c)). *See also Wukawitz v. United States*, 170 F. Supp. 2d 1165, 1169-70 (D. Utah 2001) (noting that the FTCA did not replace the private bill mechanism, and that, since the FTCA's enactment, there have been numerous examples of Congress entertaining private bills of relief when tort compensation could not be obtained in an Article III court).

J. PATRICK GLYNN (D.C. Bar #219162)
Director, Torts Branch, Civil Division


        /s/   Adam Bain
ADAM BAIN (IN Bar #11134-49)
Senior Trial Counsel
MARGARET JANE MAHONEY
Trial Attorney (PA Bar # 24635)
United States Department of Justice
Torts Branch, Civil Division
1331 Pennsylvania Ave., N.W., Room 8016S
Washington, D.C. 20004
Tel:  (202) 616-4209 (Bain)
Fax:  (202) 616-4473
Adam.Bain@usdoj.gov

Attorneys for the United States

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 30, 2008, I caused to be served a copy of the Defendants'

Reply Memorandum of Points and Authorities In Support Of Motion To Dismiss For Lack Of

Venue through Electronic Case Filing on counsel for plaintiffs at the addresses listed below.

John Arthur Eaves, Jr.
EAVES LAW FIRM
101 North State St.
Jackson, MS 39201
Telephone: (601) 355-7961

Steven R. Perles
Edward MacAllistar
THE PERLES LAW FIRM
1146 19th Street, N.W.
5th Floor
Washington, DC 20036
Telephone: (202) 955-9055


    /s/   Adam Bain
ADAM BAIN (IN Bar #11134-49)
Senior Trial Counsel
United States Department of Justice
Torts Branch, Civil Division
1331 Pennsylvania Ave., N.W., Room 8016S
Washington, D.C. 20004
Tel:  (202) 616-4209
Fax:  (202) 616-4473
Adam.Bain@usdoj.gov